MICHELLE McINTOSH *et al.*, Plaintiffs-Appellants, v. AMIEL CUETO, Indiv. and as an Agent for Cueto, Daley, Williams, Moore and Cueto, Ltd., Defendants-Appellees.

Fifth District    No. 5—99—0717

Opinion filed June 28, 2001.—Rehearing denied July 26, 2001.

Patricia A. Zimmer, of George Ripplinger & Associates, of Belleville, for appellants.

Joseph B. McDonnell, of Greensfelder, Hemker & Gale, of Belleville, for appellees.

JUSTICE HOPKINS delivered the opinion of the court:

Michelle McIntosh and Elaine Dinges (formerly Elaine McIntosh) (collectively, plaintiffs) appeal from the trial court's grant of summary judgment in favor of Amiel Cueto and his law firm, Cueto, Daley, Williams, Moore & Cueto, Ltd. (collectively, defendants). Plaintiffs claim that defendants are guilty of legal malpractice for having allowed the statute of limitations on plaintiffs' medical malpractice claim to run without filing a complaint. Plaintiffs argue that even though they filed their legal malpractice case beyond the legal malpractice statute of limitations (735 ILCS 5/13—212 (West 1998)), defendants should be estopped from using that statute of limitations as a defense, because defendants are guilty of fraudulently concealing the fact that a medi-

cal malpractice action was never filed. We affirm the trial court because plaintiffs never pled equitable estoppel or fraudulent concealment and they did not request leave of court to amend their pleadings.

## FACTS

On November 20, 1998, plaintiffs filed a complaint against defendants. In count I of that complaint, Michelle alleged that she was born on February 3, 1970, and that Elaine was her mother. Count I alleged, "As a result of negligent acts on the part of one or more medical care providers during the course of [her] birth, she suffers from impairment in her hearing, schizophrenia, and other disabilities." Count I also alleged that a valid cause of action arose on behalf of Michelle due to the problems surrounding her birth.

Michelle further alleged that on June 6, 1987, she and her mother entered into a contract with Cueto, whereby Cueto agreed to represent Elaine on behalf of Michelle in the medical malpractice case. Michelle alleged that Cueto breached his duty to her by failing to adequately investigate her medical malpractice claim, by failing to seek the advice of a physician, by failing to file a medical malpractice lawsuit on her behalf, and by failing to inform her of his inaction in time for her to obtain other counsel. Michelle alleged that as a proximate result of Cueto's negligence, Michelle's medical malpractice claim was "forever barred, leaving her without just compensation."

Count II of the complaint makes basically the same allegations as count I but is on behalf of Elaine as the plaintiff rather than Michelle. Count I does not allege a separate injury incurred by Elaine personally.

Count I continues with additional allegations that are not contained in count II. Count I alleges that on September 14, 1993, and again on November 29, 1993, Elaine wrote to Cueto, "attempting to get information regarding the status of her case"; that Cueto failed to respond to either letter; that he continued to maintain a file on plaintiffs' case but did not perform any work on their behalf after January 27, 1988; and that Michelle failed to discover the facts giving rise to her cause of action against Cueto "due to the trust and confidence" that she placed in Cueto.

Defendants filed an answer and an affirmative defense to each of the two counts. In their affirmative defenses, defendants alleged that plaintiffs' cause of action was "not commenced within the time limited by law and is, therefore, barred by the applicable statute of limitations." See 735 ILCS 5/13—214.3 (West 1998) (the legal malpractice statute of limitations). Plaintiffs filed a response to defendants' affirmative defenses, in which they denied the allegations of the affirma-

tive defenses, but plaintiffs did not allege that any other statute of limitations should apply.

As an amendment to the record on appeal, defendants submitted plaintiffs' answers to interrogatories, dated March 25, 1999. In those answers, Elaine stated that she sent letters to Cueto in September and November 1993. In those letters, Elaine complained that she had not been able to contact Cueto by telephone, that he did not return her phone calls, and that she was concerned about the status of her case. In the letter of September 1993, Elaine stated, in pertinent part, that she called Cueto's office "a number of times" in the preceding six years and that "another attorney, [Cueto's] brother," told her that a suit had been filed and that it would take a long time to settle. Also in that letter, Elaine stated that when she asked for her file, Cueto's brother called and asked some questions about the case and promised to get back to her but never did. In the November 1993 letter, Elaine stated that she did not receive a response to her letter of September 1993, so she enclosed a typewritten copy of the September letter in her November correspondence.

In Elaine's answers to interrogatories, she stated: "I spoke on the telephone with Christopher Cueto at least three times during the late summer and fall of 1993. I was assured the case was progressing, suit had been filed, and there was an expert in Texas that they intended to consult with about the case."

After the parties conducted discovery, defendants filed a motion for summary judgment, claiming essentially that (1) under the legal malpractice statute of limitations, the complaint against defendants should have been filed within two years of the time plaintiffs knew or reasonably should have known of the loss of the medical malpractice action and (2) in any event, under the statute of repose, the complaint should have been filed not more than six years after the date on which the act or omission occurred. Defendants contended that the statute of limitations would have run no later than January 1, 1993, and that the statute of repose would have expired on January 1, 1997, nearly two years before plaintiffs filed their complaint.

Plaintiffs filed a response to defendants' motion for summary judgment, arguing that defendants "failed to address the statutory limitations provision that is applicable to this case." In their response, plaintiffs contended that defendants' conduct, "as alleged in the pleadings, amounts to fraudulent concealment." Plaintiffs claimed that the correct statute of limitations provides as follows:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the

person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13—215 (West 1998).

Plaintiffs further alleged in their response that during a phone conversation in 1993 a member of Cueto's firm misrepresented the status of the medical malpractice lawsuit. Plaintiffs alleged that in that conversation, the attorney told Elaine that a lawsuit had been filed on plaintiffs' behalf and that plaintiffs were not able to find out that the medical malpractice case had not been filed until they filed an action in discovery in 1998. Plaintiffs argued that they are well within the fraudulent concealment statute of limitations because as soon as they discovered the fraudulent concealment, they filed the instant lawsuit. Plaintiffs contended that the trial court should find that the fraudulent concealment statute of limitations applied, hold defendants equitably estopped from asserting the legal malpractice statute of limitations as a defense, and deny defendants' motion for summary judgment.

A hearing was scheduled on the motion for summary judgment, but there is no transcript of this proceeding in our record. On October 15, 1999, the trial court entered an order stating that the parties briefed the issues and appeared by counsel for argument. The court ruled as follows: "Although the court finds the facts and issues presented in this matter troubling, it appears that the statute of limitations and statute of repose control, and Summary Judgment must therefore be GRANTED." Plaintiffs did not ask the court to reconsider this ruling, nor did they request leave to amend their pleadings. Plaintiffs filed a timely notice of appeal.

## ANALYSIS

Plaintiffs argue that the trial court erred in failing to apply equitable estoppel in this case. Plaintiffs' theory is that the trial court should have found defendants equitably estopped from using a statute-of-limitations defense because they fraudulently concealed the fact that no medical malpractice lawsuit had been filed. Defendants counter that plaintiffs did not plead equitable estoppel in the trial court and so cannot raise the issue on appeal. Defendants contend that the real issue is whether plaintiffs' action for legal malpractice is barred as untimely pursuant to the legal malpractice statute of limitations and statute of repose. The correct statement of the issue is somewhere in between: Did plaintiffs' failure to plead equitable estoppel through fraudulent concealment bar the trial court from considering that issue when it was raised as a part of the discovery prior to the motion for summary judgment? Under the circumstances of this case, we reach

the unfortunate but inescapable conclusion that the trial court was correct in granting a summary judgment in favor of defendants.

•1 Since this case was decided on a motion for summary judgment, our standard of review is *de novo*; we seek to determine whether defendants were entitled to a judgment as a matter of law. See *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905 (1994). In ruling on a motion for summary judgment, the court is required to construe all relevant evidentiary material strictly against the movant and liberally in favor of the nonmovant. *Pagano*, 257 Ill. App. 3d at 908. If the evidentiary material before the court could lead to more than one conclusion or inference, the court must adopt the conclusion or inference that is most favorable to the opponent of the motion. *Pagano*, 257 Ill. App. 3d at 908-09.

•2 In *Pagano*, the court considered a grant of a motion for summary judgment in favor of the defendant, and in doing so, the court stated these additional rules, which are relevant to this appeal:

"A plaintiff fixes the issues in controversy and the theories upon which recovery is sought by the allegations in his complaint. The very purpose of a complaint is to advise the defendant of the claim it is called upon to meet. [Citation.] In ruling on a motion for summary judgment, the court looks to the pleadings to determine the issues in controversy. If the defendant is entitled to judgment as a matter of law on the claims as pled by the plaintiff, the motion will be granted without regard to the presence of evidentiary material which might create a right of recovery *** on some unpled claim or theory. Under the Code of Civil Procedure, a plaintiff's remedy in such a circumstance is to move to file an amended complaint before the summary judgment is granted ***. [Citation.] Having failed to seek relief ***, the plaintiff will not be heard to complain that summary judgment was inappropriately granted because of the existence of evidence supporting a theory *** that he never pled in his complaint." *Pagano*, 257 Ill. App. 3d at 911.

In the case at bar, plaintiffs filed a two-count complaint charging defendants with legal malpractice. Later, in response to defendants' motion for summary judgment, plaintiffs argued that defendants should be estopped from using the legal malpractice statute of limitations as a defense because defendants fraudulently concealed the fact that they did not file a complaint for medical malpractice and because plaintiffs reasonably relied upon this untruth until it was too late to file such a complaint, *i.e.*, the medical malpractice statute of limitations had run. Therefore, plaintiffs claim a right to recovery not only based upon legal malpractice but also based upon equitable estoppel through fraudulent concealment.

•3 Plaintiffs argued in oral arguments before this court that the

fraudulent concealment doctrine is not a cause of action but only a statute of limitations and that, as such, a plaintiff does not have to plead fraudulent concealment in order to take advantage of it as a longer statute of limitations. However, both equitable estoppel and fraudulent concealment must be pled to be available. *Parks v. Kownacki*, 193 Ill. 2d 164, 180 (2000) (equitable estoppel); *Maness v. Santa Fe Park Enterprises, Inc.*, 298 Ill. App. 3d 1014, 1023 (1998) (equitable estoppel); *Hirsch v. Feuer*, 299 Ill. App. 3d 1076, 1086-87 (1998) (fraudulent concealment); *Barratt v. Goldberg*, 296 Ill. App. 3d 252, 258 (1998) (fraudulent concealment).

> "To establish equitable estoppel, the party claiming estoppel must demonstrate that: (1) the other party misrepresented or concealed material facts; (2) the other party knew at the time the representations were made that the representations were untrue; (3) the party claiming estoppel did not know that the representations were untrue when the representations were made and when they were acted upon; (4) the other party intended or reasonably expected the representations to be acted upon by the party claiming estoppel or by the public generally; (5) the party claiming estoppel reasonably relied upon the representations in good faith and to their detriment; and (6) the party claiming estoppel has been prejudiced by his reliance on the representations." *Parks*, 193 Ill. 2d at 180.

Clearly, count II of the complaint, which names only Elaine as the plaintiff, does not allege any facts that could possibly amount to equitable estoppel through fraudulent concealment. There are no facts alleged in count II regarding any misrepresentation or concealment, no facts regarding detrimental reliance, and no facts regarding any prejudice resulting to Elaine because of any misrepresentation or concealment.

Count I comes closer to stating a cause of action for equitable estoppel but also falls far short of the specificity necessary to such a claim. The only facts in count I that could be interpreted as alleging equitable estoppel are that Elaine wrote letters to Cueto, that Cueto did not respond to those letters, and that Michelle failed to discover the facts giving rise to her cause of action against Cueto due to the trust and confidence that she placed in him. These allegations do not amount to a cause of action for equitable estoppel against defendants because there are no facts to show why it was reasonable for Michelle to place trust and confidence in unanswered calls and letters or why she waited 11 years after hiring Cueto to discover that he did not file a lawsuit on her behalf.

• 4 Plaintiffs argued in their response to the motion for summary

judgment that Elaine was unaware of the "true facts of the case up until [defendants'] file was produced in 1998, a feat that required the filing of an action in discovery to accomplish." Plaintiffs do not address the question of why they chose to file an action in discovery instead of simply checking the circuit court records to learn whether any case had been filed naming Michelle and Elaine as plaintiffs. We cannot hold defendants equitably estopped from asserting a statute-of-limitations defense where plaintiffs had the ability to learn through a simple and free process long before the limitations period ended that no case had been filed on their behalf. " 'A party claiming the benefit of an estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others.' " *Nickels v. Reid*, 277 Ill. App. 3d 849, 856 (1996), quoting *Vail v. Northwestern Mutual Life Insurance Co.*, 192 Ill. 567, 570 (1901); see also *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666, 676-77 (1997) (the fraudulent concealment statute does not apply to a party who, through the exercise of ordinary diligence, could have discovered the concealed information).

•5 Since we find that defendants are not estopped from asserting the statute-of-limitations defense, the question becomes whether the trial court correctly found that the legal malpractice statute of limitations and statute of repose barred plaintiffs' complaint. The statute of limitations governing actions against attorneys (735 ILCS 5/13—214.3 (West 1998)) became effective January 1, 1991, at a time when plaintiffs' attorney-client relationship with defendants was still in effect. Under subsection (b) of that statute, plaintiffs had two years from the time they knew or reasonably should have known of the injury within which to file suit. 735 ILCS 5/13—214.3(b) (West 1998). Subsection (c) of that statute provides that any such action may not be commenced "in any event" more than six years "after the date on which the act or omission occurred." 735 ILCS 5/13—214.3(c) (West 1998).

•6 According to the allegations in plaintiffs' complaint, the legal malpractice action against defendants is based upon the loss of their medical malpractice action. Therefore, we must figure the approximate date beyond which the medical malpractice case could no longer be filed, in order to determine the event that triggers the running of the legal malpractice period of limitations. The applicable medical malpractice statute of limitations for those who are minors when the action accrues provides, in relevant part, that no action for damages for injury or death against a physician, hospital, or other medical provider shall be brought more than eight years after the date on which the malpractice occurred, where the claimant was, at that time, under age

18, "provided, however, that in no event may the cause of action be brought after the person's 22nd birthday." 735 ILCS 5/13—212(b) (West 1998). Under any interpretation of the statute, the latest date to file any medical malpractice action based upon injuries occurring at Michelle's birth would have been her twenty-second birthday, February 3, 1992. Beyond that date, Michelle was barred from filing a medical malpractice action for injuries caused at her birth. Since defendants did not file a medical malpractice action on behalf of either Michelle or Elaine prior to February 3, 1992, that is the date upon which the legal malpractice statute of limitations began to run.

The legal malpractice statute of limitations provides that an action for damages against an attorney arising out of an act or omission in the performance of professional services must be commenced within two years from the time the person knew or reasonably should have known of his or her injuries. 735 ILCS 5/13—214.3(b) (West 1998). The next subsection, however, provides that a legal malpractice action may not be commenced in any event more than six years after the date on which the act or omission occurred. 735 ILCS 5/13—214.3(c) (West 1998). Thus, on February 3, 1998, six years after the medical malpractice action was barred, the legal malpractice action based upon the loss of that medical malpractice action was barred as well. Since plaintiffs' complaint against defendants was not filed until November 20, 1998, that complaint is barred by the legal malpractice statute of limitations and statute of repose. The trial court correctly granted summary judgment in favor of defendants.

Affirmed.

MAAG and RARICK, JJ., concur.