No. 2--00--1313

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

JOHN M. SORENSON, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

) 

v. ) No. 00--L--134

)

THE LAW OFFICES OF THEODORE ) 

POEHLMANN and THEODORE ) 

POEHLMANN, ) Honorable

) John R. Goshgarian,

Defendants-Appellees. ) Judge, Presiding.

________________________________________________________________ 

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, John M. Sorenson, appeals from an order of the circuit court of Lake County dismissing his lawsuit against defendants, Theodore Poehlmann and the Law of Offices of Theodore Poehlmann, pursuant to section 2--619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(5) (West 2000)) on the basis that the lawsuit was barred by the statute of repose for legal malpractice actions (735 ILCS 5/13--214.3 (West 1994)).  Plaintiff contends that the trial court erred in ruling that the repose period started to run at the time of defendant's alleged acts and omissions, because the injury they caused only occurred years later.  We affirm.

Plaintiff filed his original complaint on February 18, 2000, and an amended complaint on May 31, 2000.  Plaintiff alleged that  in 1985 he was engaged to Rosemary Fulgenzi and he retained defendants to prepare an antenuptial agreement.  No written retainer agreement was prepared, but plaintiff alleged that it was an express condition of his oral agreement with defendants that the antenuptial agreement would be determined to be enforceable.  Plaintiff alleged that due to various acts and omissions by defendants, however, the agreement was not enforceable.

Plaintiff and Fulgenzi wed in 1985.  An action to dissolve the marriage was initiated in 1994, and Fulgenzi challenged the antenuptial agreement as "unconscionable, vague, ambiguous, unenforceable and invalid."  On February 20, 1998, plaintiff entered into a marital settlement agreement and a judgment was entered dissolving his marriage to Fulgenzi.  The marital settlement agreement required plaintiff to pay Fulgenzi more than $300,000--substantially more than he would have been obligated to pay if the antenuptial agreement had been valid.

Defendants moved to dismiss on the basis that the lawsuit, filed in 2000, was not commenced within six years after the underlying acts and omissions, which occurred in 1985, and was therefore barred by the statute of repose in section 13--214.3(c) of the Limitations Act (735 ILCS 5/13--214.3(c) (West 1994)).  The trial court granted the motion and this appeal followed.

The elements of a cause of action for attorney malpractice are an attorney-client relationship, a duty arising from that relationship, a breach of that duty, and actual damages or injury proximately caused by that breach.  
Romano v. Morrisroe
, 326 Ill. App. 3d 26, 28 (2001) 
  Actual damages are an essential element of the cause of action: with no damages, no cause of action has accrued.  
Profit Management Development, Inc. v. Jacobson, Brandvik & Anderson, Ltd.
, 309 Ill. App. 3d 289, 308 (1999).  Here, plaintiff argues that although defendants' acts and omissions occurred in 1985, he suffered no actual injury (and hence no cause of action accrued) until February 20, 1998, when he allegedly was forced to settle his dispute with Fulgenzi over the validity of the antenuptial agreement.

Section 13--214.3 of the Limitations Act provides, in pertinent part, as follows:

"(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) [A]n action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

* * *

(f) This Section applies to all causes of action accruing on or after its effective date [January 1, 1991]."  735 ILCS 5/13--214.3(b), (c), (f) (West 1994).

Section 13--214.3 sets forth two independent timing requirements for legal malpractice actions: the two-year statute of limitations in subsection (b) and the six-year statute of repose in subsection (c).  The statute of limitations expressly incorporates the so-called "discovery rule," which tolls the limitations period to the time when a person knows or reasonably should know of his injury.  See 
Goodman v. Harbor Market, Ltd.
, 278 Ill. App. 3d 684, 688 (1995).  The discovery rule is a response to the "inherent inequities which arise if a plaintiff is unaware of otherwise actionable negligence until after the applicable statute of limitations has passed."  
Goodman
, 278 Ill. App. 3d at 688.  The statute of repose, however, is designed to place an outer limit on the time for commencing an action.  It has been stated that "[s]tatutes of repose generally operate to curtail the 'long tail' of liability that results from the discovery rule" (
Meyers v. Underwood
, 316 Ill. App. 3d 970, 985-86 (2000)) because absent the statute of repose the statute of limitations would be "essentially open-ended, or 'a limitations period without a limit.' " (
Meyers
, 316 Ill. App. 3d at 986, quoting 
Goodman
, 278 Ill. App. 3d at 691).

Plaintiff argues that the statute of repose's underlying rationale--restricting the operation of the discovery rule to a definite period--cannot apply before a cause of action has even accrued
.  In our view, however, it makes no difference whether there is "long tail" of liability because of delay in discovering an injury or, as here, because the underlying acts and omissions only produce harm years after the fact.  Statutes of repose " 'represent a pervasive legislative judgment that justice requires an adversary to be put on notice to defend for a specific period of time, after which "the right to be free of stale claims in time comes to prevail over the right to prosecute them [
Order of R.R. Telegraphers v. Ry. Express Agency, Inc.
, 321 U.S. 342, 349, 88 L. Ed. 788, 792, 64 S. Ct. 582, 586 (1944)]." ' " 
Ocasek v. City of Chicago
, 275 Ill. App. 3d 628, 633 (1995), quoting 
Cargill Ferrous International v. M/V Elikon
, 857 F. Supp. 45, 47 (N.D. Ill. 1994).  Contrary to plaintiff's argument, a statute of repose is not related to the accrual of any cause of action.  
Goodman
, 278 Ill. App. 3d at 691.  Hence " '
[t]he injury need not have occurred, much less have been discovered
.' " (Emphasis added.)  
Goodman
, 278 Ill. App. 3d at 691, quoting 
Bradway v. American National Red Cross
,  992 F.2d 298, 301 (11th Cir. 1993).  The effect of the expiration of the repose period is that "[t]he injured party no longer has a recognized right of action, and the harm that has been done is 
damnum absque injura
--a wrong for which the law affords no redress."  
Goodman
, 278 Ill. App. 3d at 691.

By its plain language, section 13--214.3(c) provides that an action "may not be commenced *** more than 6 years after the date on which the act or omission occurred."  735 ILCS 5/13--214.3 (West 1994).  In arguing that the repose period does not begin until a cause of action has accrued, plaintiff essentially asks us to substitute the word "injury" for the words "act or omission."  The General Assembly used the word "injury" in subsection (b), the statute of limitations, and could have used that word in the statute of repose had it intended the result plaintiff advocates.  This court has emphasized that for purposes of section 13--214.3 an injury is conceptually distinct from the underlying negligent act or omission that causes it.  
Romano
, 326 Ill. App. 3d at 28; 
Profit Management
, 309 Ill. App. 3d at 308.

In 
Meyers
, the statute of repose was applied to bar a legal malpractice lawsuit before the cause of action accrued.  In that case, 
the plaintiffs' malpractice claim arose out of legal services provided in September 1986 in connection with the sale of a corporation in which the plaintiffs owned stock.  In 1987, the plaintiffs were sued by other shareholders who obtained a judgment of over $1.6 million in 1994.  The plaintiffs commenced their legal malpractice action in 1995, alleging that the defendant law firm's negligence exposed them to the liability adjudicated in the shareholder suit.  The 
Meyers
 court assumed for purposes of its analysis that the malpractice action accrued in 1994 when plaintiffs suffered a judgment in the shareholder suit.  The court held that the malpractice action was barred by the statute of repose as of September 1992, rejecting the plaintiffs' argument that it was "fundamentally unjust" to bar their claims before they had accrued.  
Meyers
, 316 Ill. App. 3d at 985-86.

The 
Meyers
 court did observe that the plaintiffs could have prevented the loss of the legal malpractice action by filing a third-party claim against the defendants under section 2--406(b) of the Code of Civil Procedure (735 ILCS 5/2--406(b) (West 1992)) in the 1987 shareholder lawsuit.  See also 
Lucey v. Law Offices of Pretzel & Stouffer, Chartered
, 301 Ill. App. 3d 349, 362-64 (1998).  However, this observation in 
Meyers
 was not part of the 
ratio decidendi
.  Accordingly, we need not consider whether plaintiff had a similar opportunity to preserve his malpractice claim in this case.

Plaintiff also argues that the parties orally agreed that the attorney-client relationship would be ongoing until the enforceability of the antenuptial agreement was determined (judicially or otherwise) in an actual dispute.  Plaintiff further argues that the parties agreed that a determination that the antenuptial agreement was invalid would be considered an act or omission giving rise to the cause of action for limitations and repose purposes.  As to the first point--that the parties contemplated an ongoing attorney-client relationship--we reiterate that the 
statute of repose runs from the time of the acts or omissions alleged to have caused injury; the fact that the attorney-client relationship endures thereafter does not affect the repose period.  See 
Witt v. Jones & Jones Law Offices, P.C.
, 269 Ill. App. 3d 540, 544 (1995) (rejecting a "continuous representation" rule).  As to the second point--that the parties agreed that a 
determination that the antenuptial agreement was invalid would be considered an "act or omission"--suffice it to say that this characterization of the retainer agreement simply has no meaningful foundation in the allegations of plaintiff's amended complaint.

Plaintiff seeks recovery based on acts and omissions that occurred in 1985 and, accordingly, the period of repose expired in 1991.  We note, however, that courts have recognized a transitional rule applicable to causes of action, such as this one, that accrue after January 1, 1991, the effective date of the statute, but that arise from acts or omissions that occurred before that date.  In such cases, the plaintiff is entitled to a reasonable period of time to file suit.  See 
Goodman
, 278 Ill. App. 3d at 695.  However, the reasonable period can never be more than the repose period itself, computed from the effective date of the statute.  
Meyers
, 316 Ill. App. 3d at 983.  Because plaintiff did not file his lawsuit on or before January 1, 1997, he cannot take advantage of this transitional rule.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BYRNE and KAPALA, JJ., concur.