(text box: 1)1 NO. 5-02-0588

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

CAROLYN HESTER, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant, )  Madison County.

)

)

v. )  No. 02-L-342

)

THEODORE DIAZ, DAVID DUGAN, and )

DUGAN & DIAZ, P.C., )  Honorable

   )  A. A. Matoesian,

     Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

Carolyn Hester appeals from the trial court's July 12, 2002, order dismissing her case on the basis of the running of the statute of limitations and the statute of repose, and she also appeals from the trial court's August 28, 2002, order denying her motion to reconsider the earlier order.  We reverse and remand.

Carolyn Hester (Carolyn) was an employee of Collinsville Unit 10 School District.  On November 14, 1990, while working, she fell down a flight of stairs and sustained bodily injuries and damages.  

She retained David Dugan as her attorney on March 14, 1991.  The record does not detail if he was a sole practitioner or worked in a firm at the time of this retention.  An application for adjustment of claim was filed with the Illinois Industrial Commission on August 2, 1991, by attorney Theodore Diaz of Lakin & Herndon, P.C.

On August 19, 1993, a stipulation was filed with the Illinois Industrial Commission to substitute Theodore Diaz, and the law firm of Pitts, Dugan & Diaz, P.C., for The Lakin Law Firm as Carolyn's attorneys.

On October 31, 1994, the case was called for hearing.  No one appeared on Carolyn's behalf and the arbitrator dismissed the case for want of prosecution.  A notice of this dismissal was mailed to Carolyn's attorneys, the defendants herein, on December 9, 1994.  The notice stated, "[U]nless a petition to reinstate is filed with the Industrial Commission within 60 days of receipt of this dismissal, this cause cannot be reopened."  A motion to reinstate the case was filed on February 2, 1995.  On March 7, 1995, the arbitrator heard the motion to reinstate and continued the motion until December 3, 1996, noting on the order that the "case may be reinstated at trial only."

On September 20, 1995, attorney Theodore Diaz made a settlement demand, the details of which are not contained within the record.  On May 13, 1996, Theodore Diaz received a $10,000 offer to settle from the attorney for the school district.  The file contains no reference that this offer was ever conveyed to Carolyn.  On September 4, 1996, Collinsville Unit 10 School District filed a petition to strike the motion to reinstate.  The motion was denied on October 1, 1996.  On November 6, 1996, the school district submitted to Theodore Diaz a reduced $5,000 offer to settle the case.  

Nothing happened on December 3, 1996, which was the date the arbitrator had indicated was the final reinstatement date and the date the trial was supposed to have been held.  

On January 8, 1997, Theodore Diaz conveyed to Carolyn the $5,000 offer to settle the case.  By this time, Carolyn resided in Arkansas.  She rejected the offer on January 20, 1997.   By a letter from attorney Rod Pitts to Carolyn, dated April 13, 2000, we know that Theodore Diaz's secretary reported that Carolyn had frequently called the office for information from October 1997 to January 29, 1999.  This secretary spoke with Carolyn on several occasions and also reported that Carolyn had spoken with Theodore Diaz on occasion but that the content of these discussions was unknown.  The letter from attorney Rod Pitts was in response to a letter Carolyn had written to the firm.  Rod Pitts advised Carolyn to hire an attorney to review this matter.

Finally, on December 10, 2001, attorney Theodore Diaz and his firm, Dugan & Diaz, P.C., notified Carolyn by letter that her workers' compensation case had been dismissed with prejudice, apologetically stating that they had no "legitimate excuse" for failing to advise her of that fact.  Theodore Diaz provided Carolyn with his malpractice insurance company's name and address and his policy number.

On March 1, 2002, Carolyn filed a legal malpractice case against Theodore Diaz, David Dugan, and Dugan & Diaz, P.C.  The complaint alleged malpractice in allowing her case to be dismissed in 1994 and also contained allegations of misrepresentation related to the failure to advise her of the true status of her case.  

On May 28, 2002, the defendants filed a motion to dismiss, arguing that the statute  of limitations and the statute of repose began running on October 31, 1994, when the order of dismissal was entered, and that neither the discovery rule nor equitable estoppel was available to expand either statute.

Carolyn responded on June 13, 2002, and in this response asked the trial court to grant her request to amend her complaint to add the additional facts contained within the April 13, 2000, letter from Rod Pitts.  The defendants replied to the response on July 9, 2002.

The motion to dismiss was argued and granted on July 12, 2002.  Carolyn filed a motion to reconsider on July 24, 2002.  On August 28, 2002, the trial court denied the motion.  Carolyn appeals.

On an appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2000)), we must determine " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' "  
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 109-10, 708 N.E.2d 1140, 1144 (1999) (quoting 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 735 (1993)).  In other words, our review is 
de novo
.  
In re Estate of Mayfield
, 288 Ill. App. 3d 534, 542, 680 N.E.2d 784, 789 (1997).  If a motion to dismiss is filed upon any of the possible bases listed in section 2-619, the party opposing the motion can present "affidavits  or other proof denying the facts alleged or establishing facts obviating the grounds of defect."  735 ILCS 5/2-619(c) (West 2000).

The statute of limitations for legal malpractice is two years "from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought."  735 ILCS 5/13-214.3(b) (West 2000).  The statute of limitations incorporates the "discovery rule," which serves to toll the limitations period to the time when a person knows or should reasonably know of his or her injury.  
Sorenson v. Law Offices of Theodore Poehlmann
, 327 Ill. App. 3d 706, 708, 764 N.E.2d 1227, 1229 (2002).  At issue in this case is the statute of repose for legal malpractice.  Section 13-214.3 of the Code of Civil Procedure provides as follows: "An action for damages based on tort, contract, or otherwise *** against an attorney arising out of an act or omission in the performance of professional services" "may not be commenced in any event more than 6 years after the date on which the act or omission occurred."  735 ILCS 5/13-214.3(b), (c) (West 2000).  The statute of repose is designed "to place an outer limit on the time for commencing an action."  
Sorenson
, 327 Ill. App. 3d at 708, 764 N.E.2d at 1230.  The statute of repose operates to " 'curtail the 'long tail' of liability that results from the discovery rule.' "  
Sorenson
, 327 Ill. App. 3d at 708, 764 N.E.2d at 1230 (quoting 
Meyers v. Underwood
, 316 Ill. App. 3d 970, 985-86, 738 N.E.2d 118, 129 (2000)).  If the statute of repose did not exist, then the statute of limitations, with its discovery rule, would essentially be limitless in certain undiscovered situations.  
Sorenson
, 327 Ill. App. 3d at 708, 764 N.E.2d at 1230 (relying on 
Meyers
, 316 Ill. App. 3d at 986, 738 N.E.2d at 129 (relying on 
Goodman v. Harbor Market, Ltd.
, 278 Ill. App. 3d 684, 691, 663 N.E.2d 13, 19 (1995))).

A statute of repose is not tied in any way to an accrual of a cause of action, and therefore, the " 'injury need not have occurred, much less have been discovered.' "  
Goodman
, 278 Ill. App. 3d at 691, 663 N.E.2d at 18 (quoting 
Bradway v. American National Red Cross
, 992 F.2d 298, 301 (11th Cir. 1993)).

Initially, we must address the question of when the statutes began to run.  Carolyn filed her cause of action on March 1, 2002.  The defendants argue that the relevant date was the date when the workers' compensation case was dismissed for want of prosecution–October 31, 1994.  Applying that date, the defendants argue that the statute of limitations ran on October 31, 1996, while the statute of repose expired on October 31, 2000.  Carolyn argues that the relevant date was December 3, 1996, the date by which the arbitrator indicated that the case could be reinstated "at trial only."  Utilizing this later date, the statute of limitations would not have run until December 3, 1998, while the statute of repose would not have expired until December 3, 2002.

With respect to the arguments presented by counsel, there seems to be no doubt that the statute of limitations expired in this case prior to the malpractice suit's filing date.
(footnote: 1)  At issue, then, is the expiration of the statute of repose.  The statute of repose for legal malpractice begins upon "the last act of representation with regard to the omission upon which the malpractice is founded."  
O'Brien v. Scovil
, 332 Ill. App. 3d 1088, 1090, 774 N.E.2d 466, 468 (2002).  "Although omissions may cause the injury, those omissions must occur in the context of some affirmative acts of representation.  When the acts of representation end, the period of repose must begin, even if the continuing omissions may contribute to injury."  
Fricka v. Bauer
, 309 Ill. App. 3d 82, 87, 722 N.E.2d 718, 722 (1999).

We conclude that the applicable date is the earlier, October 31, 1994, date.  We reach this determination because of the finality of the dismissal.  Malpractice occurred at that time when the case was allowed to be dismissed for want of prosecution.  While there was case activity both within and without the workers' compensation file after that date, that activity does not change the status of the case, which was "dismissed."  If filing a motion for reinstatement, without the occurrence of an actual reinstatement, bumped back the beginning of the statute of repose, then, conceivably, there might never be an effective termination to litigation.  That is especially true in this case, where the setting leaves us to wonder if the case could not yet be resurrected.  We cannot conclude that the failure to appear at the December 3, 1996, setting was the relevant act or omission.  As of that date, the case had been dismissed.  There were no guarantees relative to reinstatement on that date.  We will not speculate that simply because reinstatement is freely allowed in the workers' compensation arena, this particular case would have enjoyed that treatment.  No one can know that for certain.  

The filing of the lawsuit on March 1, 2002, was not timely under either the statute of

limitations or the statute of repose.

The final matter to be determined on appeal is whether the trial court appropriately dismissed this case in light of the estoppel allegations.  Did Carolyn adequately raise the estoppel issue, and if so, did the actions of the defendants equitably bar the defendants from raising the statute of limitations and the statute of repose?  In her complaint, Carolyn alleges that during the seven years following the dismissal of her case, her attorneys failed to advise her that her case had been dismissed.  She alleges that attorney Theodore Diaz "continued to tell and reassure Carolyn that her case was pending before the Illinois Industrial Commission and was proceeding as it should, knowing when he made these representations that they were untrue."  She also alleged that in making those statements, attorney Theodore Diaz "intended or reasonably expected that she would believe and rely on the representations he made to her."  Carolyn stated that she relied in good faith on his statements, had no reason to disbelieve him, and "was not in a position to inspect her file at the Illinois Industrial Commission[,] which is located in Chicago, Illinois."  She alleged prejudice in her good-faith reliance upon Theodore Diaz's misrepresentations.  Carolyn finally alleged that Theodore Diaz "was fully aware of the statutory time limit for making this claim throughout the time that he was misrepresenting the status of her underlying claim to [her][] and intended or reasonably expected Carolyn Hester to rely on misrepresentations made by him throughout that time, so that her time for bringing this claim would expire."

It seems clear that while the allegations are not precisely labeled as being designed to equitably estop the defendants from raising the statutes of limitations and repose in response to her complaint, the allegations are sufficiently clear that such a claim is raised.

The defendants argue that they should not be equitably estopped from raising the argument because Carolyn could have independently discovered the dismissal of her claim at any time, and they cite 
McIntosh v. Cueto
, 323 Ill. App. 3d 384, 390, 752 N.E.2d 640, 644 (2001), in support of this position.  

In 
McIntosh v. Cueto
, this court found that the claim was barred by both the statute of limitations and the statute of repose and that the defendants were not equitably estopped from raising those defenses because the plaintiffs' complaint was somewhat deficient in its pleading of the claim and because they should have discovered the failings of their attorney.  
McIntosh
, 323 Ill. App. 3d at 391-92, 752 N.E.2d at 645-46.  Specifically, the plaintiffs accused their attorney of not responding to their numerous calls and letters relative to whether or not a medical malpractice case had been filed on their behalf.  
McIntosh
, 323 Ill. App. 3d at 390, 752 N.E.2d at 645.  We concluded that because all the plaintiffs had to do was contact the circuit clerk's office to ascertain whether or not a case had been filed, it was unreasonable to place trust and confidence in the unanswered calls and letters of this attorney.  
McIntosh
, 323 Ill. App. 3d at 390, 752 N.E.2d at 645.

We find that this case is factually distinguishable from 
McIntosh v. Cueto
, in that Carolyn's case was actually filed, her attorney and his staff did not ignore her calls and letters, from Theodore Diaz's own admission via correspondence he neglected to advise her that her case had been dismissed, and the ascertainment of the status of her case was not as simple as a check of the courthouse records.  For these reasons, we conclude that Carolyn is not barred from raising the issue of equitable estoppel.  We further conclude that given this rather unique set of facts, a genuine issue of material fact precluded a dismissal at this stage of the pleadings on the basis of the statutes of limitations and repose.  See 
Hopewell v. Vitullo
, 299 Ill. App. 3d 513, 516, 701 N.E.2d 99, 101 (1998).

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby reversed, and the cause is remanded.

Reversed; cause remanded.

HOPKINS and DONOVAN, JJ., concur.

FOOTNOTES
1:
Although it would not be relevant in light of the applicable statute of repose, Carolyn could argue, utilizing the discovery rule, that she did not discover the legal malpractice until her receipt of the April 13, 2000, letter from attorney Rod Pitts and that, therefore, the March 1, 2002, filing of her complaint was timely.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 02/06/04.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.