SONIA DELUNA *et al.*, Plaintiffs-Appellants, v. ELOY BURCIAGA, Defendant-Appellee (Barbara Clinite *et al.*, Defendants).

First District (5th Division)   No. 1—03—1682

Opinion filed August 5, 2005.—Rehearing denied September 8, 2005, and September 20, 2005.

Bullaro & Carton, Chtrd. (James R. Branit, of counsel), and Steven A. Denny, both of Chicago, for appellants.

Konicek & Dillon, P.C., of Geneva (Thomas W. Dillon, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs Sonia DeLuna, Susanna DeLuna, Griselda DeLuna and Oscar DeLuna appeal the order of the circuit court dismissing their legal malpractice claim against defendant Eloy Burciaga because the complaint was filed after the repose period set forth in section 13—214.3 of the Code of Civil Procedure (Code) (735 ILCS 5/13—214.3 (West 2000)). On appeal, plaintiffs contend that the trial court erred because: (1) section 13—214.3(e) of the Code tolled the repose period for two of the plaintiffs, Sonia and Susanna, during their minority;

and (2) defendant fraudulently concealed his conduct, thereby tolling the start of the repose period and estopping him from raising the statute of repose as a defense. Plaintiffs also contend that the court erred by denying them leave to file a fifth amended complaint. We reverse and remand.

On April 7, 1986, Alicia DeLuna, the mother of all four plaintiffs, was admitted for back surgery at St. Elizabeth's Hospital. During surgery, Dr. Michael Treister allegedly cut through Mrs. DeLuna's left iliac artery causing severe bleeding and loss of blood pressure. Mrs. DeLuna died the following day. Mrs. DeLuna was survived by her husband, Guadalupe, and four minor children—Sonia (born July 3, 1983), Susanna (born May 24, 1980), Griselda (born May 15, 1975) and Oscar (born March 31, 1974).

Guadalupe DeLuna retained Mr. Burciaga in April 1986 to pursue medical malpractice and other claims for the death of his wife. Mr. Burciaga asked attorney Barbara Clinite to assist him in the matter. Mr. Burciaga, however, was the attorney who communicated directly with the DeLunas, since he spoke fluent Spanish. On April 16, 1986, Mr. Burciaga and Ms. Clinite filed a lawsuit against Dr. Treister and St. Elizabeth's Hospital on behalf of Guadalupe DeLuna as the administrator of his wife's estate. Mr. Burciaga deliberately filed the lawsuit without attaching an affidavit from a reviewing healthcare professional, as required by section 2—622 of the Code (735 ILCS 5/2—622 (West 2000)), because he wanted to test the constitutionality of the requirement.

On October 23, 1986, the trial court granted St. Elizabeth's motion to dismiss, due to the absence of the affidavit required under section 2—622. On February 25, 1987, the trial court granted Dr. Treister's motion to dismiss, with prejudice, on the same grounds.

On March 13, 1987, Ms. Clinite filed a notice of appeal of the order dismissing plaintiffs' complaint against Dr. Treister. Attorney Michael Rathsack subsequently joined Mr. Burciaga and Ms. Clinite in representing the estate of Alicia DeLuna. On June 13, 1989, the appellate court reversed the trial court's dismissal of plaintiffs' complaint, holding that section 2—622 was unconstitutional. See *DeLuna v. St. Elizabeth's Hospital*, 184 Ill. App. 3d 802 (1989). However, on February 20, 1992, the Illinois Supreme Court reversed the appellate court, holding that section 2—622 was constitutional. See *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57 (1992).

On November 10, 1993, Mr. Burciaga and Mr. Rathsack filed a new lawsuit, with the appropriate affidavit attached, against St. Elizabeth's Hospital and Dr. Treister. Oscar DeLuna was now special administrator of the estate because Guadalupe DeLuna had died. The

trial court granted Dr. Treister's motion to dismiss on *res judicata* grounds, and it granted St. Elizabeth's motion on *respondeat superior* grounds because Dr. Treister had already been dismissed. On November 27, 1996, the appellate court reversed the dismissals and remanded for further proceedings. *DeLuna v. Treister*, 286 Ill. App. 3d 25 (1996). On February 19, 1999, the supreme court affirmed the circuit court's dismissal of the claim against Dr. Treister but reversed the dismissal of the claim against St. Elizabeth's Hospital and remanded for further proceedings thereon. *DeLuna v. Treister*, 185 Ill. 2d 565 (1999). Mrs. DeLuna's estate entered into a settlement with St. Elizabeth's Hospital in the fall of 2000.

On February 20, 2001, plaintiffs filed the legal malpractice action at issue here. Mr. Rathsack moved to dismiss the complaint under section 2—619 of the Code, contending that the statute of repose set forth in section 13—214.3 of the Code barred plaintiffs' case. The plaintiffs subsequently filed a first amended complaint alleging three counts of professional negligence against defendants Mr. Burciaga, Ms. Clinite and Mr. Rathsack, and alleging that the defendants were joint venturers engaged in fraudulent concealment. Ms. Clinite then filed a section 2—619 motion to dismiss the complaint, due to the expiration of the repose period. Ms. Clinite also argued against the existence of a joint venture between the defendants. However, before the trial court could rule on the motion, the plaintiffs moved for leave to file a second amended complaint which the trial court granted.

Mr. Rathsack and Ms. Clinite brought motions to dismiss the second amended complaint under section 2—619, and Mr. Rathsack also moved to dismiss the action under section 2—615. The trial court granted Mr. Rathsack's section 2—615 motion and continued Ms. Clinite's section 2—619 motion. Plaintiffs filed a third amended complaint, and again both Mr. Rathsack and Ms. Clinite filed section 2—619 motions to dismiss, based on the statute of repose defense. On October 8, 2002, the trial court dismissed the third amended complaint, finding that it "failed to sufficiently allege the elements which show the existence of a joint venture and fraudulent conceal-ment" and contained "factual inadequacies." The trial court allowed plaintiffs one more opportunity to amend their complaint.

Plaintiffs filed a fourth amended complaint and all three defen-dants filed a section 2—619 motion to dismiss the complaint based on the statute of repose defense. Mr. Rathsack also filed a section 2—615 motion to dismiss. On February 14, 2003, the trial court dismissed the action with prejudice as to all three defendants, holding that although the complaint adequately pled elements of legal malpractice, plaintiffs failed to properly allege joint venture or fraudulent concealment. The

trial court also held that in the absence of a joint venture, fraudulent concealment, or equitable estoppel, the statute of repose barred the action against all three defendants.

Plaintiffs filed a motion for reconsideration, which the trial court denied. Plaintiffs then filed this timely appeal. Plaintiffs have settled with Ms. Clinite and Mr. Rathsack. Therefore, Mr. Burciaga remains the only defendant on appeal.

The purpose of a section 2—619 motion to dismiss is to give litigants the opportunity to dispose of issues of law and easily proved issues of fact at the outset of the case, reserving disputed questions of fact for a jury trial. *Sadler v. Creekmur*, 354 Ill. App. 3d 1029, 1039 (2004). When determining a section 2—619 motion, the court takes all well-pleaded facts in the complaint as true. *Sadler*, 354 Ill. App. 3d at 1039. We review *de novo* the granting of a section 2—619 motion. *Sadler*, 354 Ill. App. 3d at 1039.

First, plaintiffs argue that the trial court erred by finding that its complaint against Mr. Burciaga was barred by the six-year statute of repose set forth in section 13—214.3 of the Code. The resolution of this issue requires us to construe section 13—214.3. Because the construction of a statute is a question of law, review is *de novo*. *Metro Utility Co. v. Illinois Commerce Comm'n*, 262 Ill. App. 3d 266, 273 (1994).

The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 97 (1996). In determining legislative intent, a court should consider the statutory language first. *Augustus*, 278 Ill. App. 3d at 97. Where the language of the statute is clear, it will be given effect without resort to other aids for construction. *Augustus*, 278 Ill. App. 3d at 97.

■ Section 13—214.3 states in relevant part:

"(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) [A]n action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.
***

(e) If the person entitled to bring the action is under the age of majority or under other legal disability at the time the cause of action accrues, the period of limitations shall not begin to run until

majority is attained or the disability is removed." 735 ILCS 5/13—214.3 (West 2000).[1]

The plain language of section 13—214.3 sets forth two independent timing requirements for legal malpractice actions: the two-year statute of limitations in subsection (b) and the six-year statute of repose in subsection (c). The two-year statute of limitations expressly incorporates the "discovery rule," which tolls the limitations period to the time when the plaintiffs know or reasonably should know of their injuries. The six-year statute of repose places an outer limit on the time for commencing the action and operates to curtail the "long tail" of liability that results from the discovery rule; absent the statute of repose, the statute of limitations would be essentially open-ended, or a limitations period without a limit. *Sorenson v. Law Offices of Theodore Poehlmann*, 327 Ill. App. 3d 706, 708 (2002).

The attorney malpractice period of repose begins to run on the last date on which the attorney performs the work involved in the alleged negligence. *Fricka v. Bauer*, 309 Ill. App. 3d 82, 86-87 (1999). Here, the alleged negligence involved Mr. Burciaga's filing of the underlying medical malpractice action without attaching an affidavit as required by section 2—622 and his failure to ensure that the dismissal against Dr. Treister was without prejudice. These acts occurred in 1986 and 1987; thus, the six-year statute of repose would have expired at the latest by 1993, prior to the filing of the legal malpractice action in 2001, unless plaintiffs can show that the repose period was tolled.

Plaintiffs contend that the repose period was tolled as to Sonia and Susanna DeLuna pursuant to section 13—214.3(e), which provides that "the *period of limitations* shall not begin to run until majority is attained." (Emphasis added.) 735 ILCS 5/13—214.3(e) (West 2000). Plaintiffs contend that the six-year repose period is a "limitations period" and, therefore, under section 13—214.3(e) the repose period did not begin to run for Sonia and Susanna DeLuna until they reached the age of majority, *i.e.*, 18 years of age. The legal malpractice action at issue here was filed before Sonia DeLuna turned 18 and less than three years after Susanna DeLuna turned 18; therefore, plaintiffs contend that Sonia's and Susanna's action was timely filed prior to the expiration of the six-year repose period.

---

[1] Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995) amended section 13—214.3. However, the public act was held unconstitutional and not severable in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Therefore, the prior version of the statute remains in effect. See *Poullette v. Silverstein*, 328 Ill. App. 3d 791, 795 n.1 (2002).

■ Contrary to plaintiffs' argument, the terms "statute of limitations" and "statute of repose" are not interchangeable. A statute of limitations governs the time within which lawsuits may be commenced after a cause of action accrues. However, a statute of repose extinguishes that action after a fixed period of time, regardless of when the action accrued. A statute of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of her cause of action. *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 690 (1995).

■ Section 13—214.3(e) expressly tolled only the period of "limitations," not the period of repose, during Sonia's and Susanna's minority. Plaintiffs argue for a different result, relying on cases construing the pre-1987 version of the medical malpractice statute of repose, which contained language similar to section 13—214.3 of the legal malpractice statute of repose. Those cases held that the statute of limitations and the statute of repose for medical malpractice actions were tolled until the minor turned the age of 18. Plaintiffs contend that we must read section 13—214.3 of the legal malpractice statute of repose *in pari materia* with the medical malpractice statute of repose and hold that the six-year repose period set forth in section 13—214.3 of the legal malpractice statute is tolled until a minor turns 18. We disagree. The doctrine of *in pari materia* may be invoked only to resolve an issue of statutory ambiguity. *People v. Aleman*, 355 Ill. App. 3d 619, 626 (2005). No such ambiguity is present here; as discussed, the clear language of section 13—214.3 of the legal malpractice statute of repose provides that only the limitations period, not the repose period, is tolled until majority is attained. In the absence of any ambiguity, plaintiffs' reliance on the rule of *in pari materia* is unavailing.

■ Next, plaintiffs contend that Mr. Burciaga fraudulently concealed their cause of action against him, thereby tolling the statute of repose. Section 13—215 of the Code provides that "[i]f a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13—215 (West 2000). Generally, to establish fraudulent concealment sufficient to toll the statute of repose, plaintiffs must show affirmative acts or representations designed to prevent discovery of the cause of action or to lull or induce the plaintiffs into delaying the filing of their claim. *Rajcan v. Donald*

*Garvey & Associates, Ltd.*, 347 Ill. App. 3d 403, 407 (2004). Our supreme court has further held that as between persons having a fiduciary relationship toward each other, the person occupying the relation of fiduciary is under a duty to reveal the facts giving rise to the cause of action and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an affirmative false representation or act and, further, that silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment. *Chicago Park District v. Kenroy, Inc.*, 78 Ill. 2d 555, 562 (1980).

■ Plaintiffs' well-pleaded allegations in their fourth amended complaint, taken as true for purposes of the section 2—619 motion to dismiss, are sufficient to allege fraudulent concealment. Specifically, plaintiffs allege that Mr. Burciaga was retained by the special administrator of Alicia DeLuna's estate to represent the plaintiffs in a medical malpractice/wrongful death action against Dr. Treister and St. Elizabeth's Hospital; as such, a fiduciary relationship existed between Mr. Burciaga and the plaintiffs. See *Szymakowski v. Szymakowski*, 185 Ill. App. 3d 746, 748 (1989) (an attorney who represents an administrator in a wrongful death action stands in a fiduciary relationship to the beneficiaries). Plaintiffs further allege that Mr. Burciaga, their fiduciary, failed to reveal the facts giving rise to the legal malpractice action, *e.g.*, he failed to inform plaintiffs that he was filing the underlying medical malpractice action without the section 2—622 affidavit. Plaintiffs also allege that Mr. Burciaga affirmatively misled them in the spring of 1992 by telling them that their case was "going very well" and that Mr. Burciaga did not inform them that in fact the trial court had dismissed their medical malpractice action and that the supreme court had affirmed the dismissal in February 1992. Plaintiffs allege that on March 24, 2000, attorney Michael Rathsack sent a letter to Oscar DeLuna informing the DeLunas, for the first time, that Mr. Burciaga had used their medical malpractice action to test the constitutionality of section 2—622, that their medical malpractice action against Dr. Treister was barred, and that they might have an action for legal malpractice against Mr. Burciaga.

Thus, plaintiffs' allegations, if proved, are sufficient to establish that Mr. Burciaga, their fiduciary, concealed the facts giving rise to their legal malpractice action and that plaintiffs did not learn of those facts until the year 2000. Under section 13—215, plaintiffs had five years after discovery of Mr. Burciaga's alleged concealment to file their legal malpractice action. Plaintiffs filed their legal malpractice action in February 2001, well within the five years after discovery of the alleged fraudulent concealment. A trier of fact shall decide, on

another day, whether plaintiffs can prove these allegations, but plaintiffs have pleaded sufficient facts to allege fraudulent concealment tolling the statute of repose. Accordingly, the trial court erred in dismissing plaintiffs' legal malpractice action.

In a related contention, plaintiffs argue that the trial court erred in dismissing their complaint because Mr. Burciaga was equitably estopped from raising the statute of repose. A defendant is equitably estopped from raising the statute of repose where the plaintiff reasonably relied on the defendant's conduct or representations in forbearing suit. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 252 (1994). Here, plaintiffs allege in their fourth amended complaint that: (1) defendants agreed Burciaga would handle all communications with plaintiffs since only he spoke Spanish and therefore only he could communicate directly with the plaintiffs; (2) Mr. Burciaga conducted meetings with plaintiffs in 1989, the spring of 1992, and the summer of 1997, and in each of those meetings he told the plaintiffs that their case was going "very well"; (3) in the 1997 meeting, Mr. Burciaga told the plaintiffs that there was no need for him to be in more frequent contact with them about the case and that the frequency of his contacts was adequate; (4) Mr. Burciaga never told the plaintiffs in any of those meetings that their medical malpractice case had been filed without the section 2—622 affidavit, that the trial court had dismissed their medical malpractice action due to the absence of the affidavit, and that the supreme court in February 1992 had held that section 2—622 was constitutional and affirmed the dismissal of their medical malpractice action against Dr. Treister; and (5) plaintiffs did not learn of these facts until the year 2000, when Mr. Rathsack wrote them an explanatory letter. Taken as a whole, plaintiffs' allegations, if proved, adequately establish that plaintiffs reasonably relied on Mr. Burciaga's conduct and representation that their medical malpractice suit was going well in forbearing suit until the year 2000. Plaintiffs' fourth amended complaint adequately alleges that Mr. Burciaga was estopped from raising the statute of repose as a defense; accordingly, the trial court erred in dismissing plaintiffs' legal malpractice action.

Mr. Burciaga contends that plaintiffs are barred from raising the issue of fraudulent concealment or equitable estoppel because plaintiffs could have discovered the facts allegedly concealed from them. Specifically, Mr. Burciaga contends that instead of relying on Mr. Burciaga's representations concerning the status of their case, plaintiffs should have walked to the Daley Center and viewed the court file to determine whether the case was dismissed. In support, Mr. Burciaga cites *McIntosh v. Cueto*, 323 Ill. App. 3d 384 (2001). In *Cueto*, the plaintiffs claimed that defendants were guilty of legal malpractice for having al-

lowed the statute of limitations on plaintiffs' medical malpractice claim to run without filing a complaint. *Cueto*, 323 Ill. App. 3d at 385. Plaintiffs argued that even though they filed their legal malpractice case beyond the legal malpractice statute of limitations, defendants should be estopped from using the statute of limitations as a defense, because defendants fraudulently concealed the fact that the medical malpractice action was never filed. *Cueto*, 323 Ill. App. 3d at 385-86. Specifically, the plaintiffs accused their attorney of not responding to their numerous calls and letters concerning whether the medical malpractice case had been filed on their behalf. *Cueto*, 323 Ill. App. 3d at 386-87. The appellate court held that plaintiffs had failed to adequately plead fraudulent concealment or estoppel, as the plaintiffs unreasonably placed trust and confidence in the unanswered calls and letters of the attorney and simply could have contacted the circuit clerk's office to determine whether a case had been filed. *Cueto*, 323 Ill. App. 3d at 390-91.

In *Hester v. Diaz*, 346 Ill. App. 3d 550 (2004), the appellate court distinguished *Cueto*. Carolyn Hester, an employee for a school district, fell down a flight of stairs while working and injured herself. *Hester*, 346 Ill. App. 3d at 551. An application for adjustment of claim was filed with the Illinois Industrial Commission by attorney Theodore Diaz. *Hester*, 346 Ill. App. 3d at 551. At the hearing on the case on October 31, 1994, Diaz failed to appear on Hester's behalf and the case was ultimately dismissed with prejudice. *Hester*, 346 Ill. App. 3d at 551. Hester called and wrote Diaz for information regarding the status of her case. *Hester*, 346 Ill. App. 3d at 552. On December 10, 2001, Diaz notified Hester that her case had been dismissed with prejudice and that he had no legitimate excuse for failing to advise her of that fact. *Hester*, 346 Ill. App. 3d at 552. On March 1, 2002, Hester filed a legal malpractice action. *Hester*, 346 Ill. App. 3d at 552. Diaz filed a motion to dismiss, arguing that the legal malpractice action was untimely as it was filed beyond the statute of limitations and statute of repose, both of which began running on October 31, 1994, when the dismissal order was entered. *Hester*, 346 Ill. App. 3d at 552. The trial court granted the motion to dismiss. *Hester*, 346 Ill. App. 3d at 553.

The appellate court reversed and remanded, holding that Hester had adequately pleaded that Diaz was estopped from asserting the statute of limitations and repose. The appellate court noted that, unlike in *Cueto*, Hester's underlying case was actually filed, Diaz did not ignore her letters and calls, Diaz neglected to tell her that her case had been dismissed, and "the ascertainment of the status of her case was not as simple as a check of the courthouse records." *Hester*, 346

Ill. App. 3d at 556. Accordingly, the appellate court held that Hester was not barred from raising the issue of equitable estoppel. *Hester*, 346 Ill. App. 3d at 556.

This case is similar to *Hester*, as Mr. Burciaga did not ignore plaintiffs' calls or letters or otherwise put plaintiffs on notice they should check the court file to determine whether their medical malpractice action had been filed without the section 2—622 affidavit. Plaintiffs are not barred from raising the issue of fraudulent concealment or equitable estoppel.

For the foregoing reasons, we reverse the dismissal of plaintiffs' fourth amended complaint and remand for further proceedings. As a result of our disposition of this case, we need not address plaintiffs' other arguments on appeal.

Reversed and remanded.

CAMPBELL, P.J., and GALLAGHER, J., concur.