SECOND DIVISION

December 7, 1999

No. 1-98-3454

MICHAEL FRICKA, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County

)

v. ) 

)

JAMES G. BAUER; ROBERT W. HOTTE; )

RICHARD M. BUHRFIEND; and BAUER, HOTTE  )

and BUHRFIEND, PC, an Illinois          ) Honorable

corporation, ) William Maddux,

Defendants-Appellees. ) Judge Presiding.

JUSTICE McNULTY delivered the opinion of the court:

In this case we must decide when the statute of repose period commences for an attorney's allegedly negligent omissions.  We hold that the period of repose begins when the attorney  charged with malpractice last performs work for the client.  Where the work involves tangible documents, the period begins when the attorney delivers his or her final work product to the client, regardless of the continuing duty to correct any defect or omission related to the work product. 

The trial court dismissed the complaint at issue here under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 1996)), for failure to file within the repose period.  Accordingly we must assume the truth of all well-pleaded facts stated in the complaint.  See 
Frydman v. Horn Eye Center, Ltd.
, 286 Ill. App. 3d 853, 858, 676 N.E.2d 1355 (1997).

Plaintiff, Michael Fricka, married Antoinette Fricka in June 1991.  Antoinette then was the sole beneficiary of a trust that held title to her home, subject to a mortgage.  Michael agreed to spend more than $24,000 to help refinance the loan, and he spent an additional $18,000 on improvements to the home.  Antoinette agreed to make Michael a co-owner of the property in exchange for his investment.  Before March 3, 1992, when the bank refinanced the mortgage loan, Antoinette signed a document by which the trust transferred title to Michael and Antoinette as owners in joint tenancy.

Title to the property returned to the trust, of which Antoinette remained the sole beneficiary, by deed dated March 20, 1992.  The deed named James Bauer as its preparer.  Michael alleged that he and Antoinette were Bauer's clients when Bauer "[c]aused [the] conveyance instrument to be prepared," but Bauer never notified him about the deed or advised him of the effect the deed would have on his interest in the home.  Documents appended to the complaint showed that the bank sent the unsigned deed to Antoinette on February 12, 1992, for her and Michael to sign after the refinancing conveyed the property to them as joint owners.

Antoinette filed for divorce in 1996.  During that litigation Michael learned about the deed, which appeared to eliminate his interest in the home.  In the divorce settlement Michael accepted $30,000 in exchange for his investment in the house.  He sued the bank, alleging that it participated in Antoinette's forgery of his signature on the deed or that it participated in Antoinette's scheme to obtain his signature on the deed by fraudulently representing it to be a document he needed to sign as part of the refinancing and conveyance to him of a half interest in the property.  The lawsuit against the bank is not part of the case on appeal.

On March 18, 1998, Michael filed this lawsuit against defendants Bauer, Bauer's partners, and their law firm, alleging that their negligence caused him to lose all but $30,000 from a 50% interest in the house.  Defendant moved to dismiss based on the six-year statute of repose for attorney malpractice.  See 735 ILCS 5/13-214.3(c) (West 1996).  Michael argued that the repose period for negligence connected to the deed should not begin until the deed's execution date of March 20, 1992.  If Bauer had notified Michael of the deed and its import prior to that time, Michael could have avoided the losses for which he sought compensation.  The trial court held that the repose period commenced at the latest on February 12, 1992, because defendants must have completed their work before the bank sent the unsigned deed to Antoinette.  Michael did not allege that defendants did anything more concerning the deed after that date.

Section 13-214.3 of the Code of Civil Procedure provides: 

"(b) An action for damages based on tort *** against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) An action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred."  735 ILCS 5/13-214.3 (West 1996).

Subsection (b) establishes the limitations period, while subsection (c) is the statute of repose.  
Goodman v. Harbor Market, Ltd.
, 278 Ill. App. 3d 684, 691, 663 N.E.2d 13 (1995).

For medical malpractice, our supreme court found that the repose period:

"'is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge.' [Citation.]  Indeed, our legislature enacted this *** outer limit on malpractice liability specifically to curtail the 'long tail' exposure to medical malpractice claims brought about by the advent of the discovery rule.  [Citation.]  Thus, the statute of repose must be triggered once treatment terminates."  
Cunningham v. Huffman
, 154 Ill. 2d 398, 406, 609 N.E.2d 321 (1993).

By establishing a certain date for termination of actions, the repose period "enables malpractice insurers to predict future liabilities and alleviate their need to maintain loss reserves."  
Hayes v. Mercy Hospital & Medical Center
, 180 Ill. App. 3d 441, 445, 535 N.E.2d 1137 (1989).

The policy behind the medical malpractice statute of repose guides interpretation of its terms.  An omission within the meaning of the statute refers only to omissions occurring in an ongoing course of negligent treatment.  
Turner v. Nama
, 294 Ill. App. 3d 19, 29, 689 N.E.2d 303 (1997).  The plaintiff in 
Turner
 alleged that the defendant negligently failed to inform the patient of test results and failed to follow up with the patient for subsequent treatment.  The appellate court held:

"[A]lthough defendant was charged with an obligation to notify decedent of the test results, we do not believe that defendant's failure amounts to an ongoing course of continuous
 negligent medical treatment.  *** [T]he scope of the 'ongoing course of continuous negligent medical treatment' doctrine has been construed to include only those acts or omissions that occur within the affirmative event of treatment."  
Turner
, 294 Ill. App. 3d at 31-32.

Just as the repose period for medical malpractice begins to run at the latest by the termination of treatment, the repose period for construction defects commences when the builder accused of negligence completes work on the allegedly defective part of the construction.  
Zielinski v. A. Epstein & Sons International, Inc.
, 179 Ill. App. 3d 340, 534 N.E.2d 644 (1989).  In 
Zielinski
, the plaintiff sustained injury due to a defect in the ceiling of a building the defendants helped construct.  The defendants argued that the repose period began when they completed their work; the plaintiff answered that "the defendants were under a duty to correct any problems up to the closing date, and that this postponed the critical date further."  
Zielinski
, 179 Ill. App. 3d at 346.  The appellate court held that "'the existence of even a continuing relationship does not insure that a cause of action should be deemed continuous for purposes of computing the limitations period.'" [Citation.]  
Zielinski
, 179 Ill. App. 3d at 346.  Omissions occurring after the defendant completed its work did not extend the repose period.  The court affirmed judgment for the defendants for failure to file within the statutory time limits.

We hold that the attorney malpractice period of repose similarly begins to run on the last date on which the attorney performs the work involved in the alleged negligence.  Although omissions may cause the injury, those omissions must occur in the context of some affirmative acts of representation.  When the acts of representation end, the period of repose must begin, even if the continuing omissions may contribute to injury.

The appellate court, in 
Lucey v. Law Offices of Pretzel & Stouffer, Chartered
, 301 Ill. App. 3d 349, 361-62, 703 N.E.2d 473 (1998), discussed the statute of repose for attorney malpractice:

"[W]hile a malpractice plaintiff who is injured by his attorney's negligent advice in the course of representation in a litigation setting will rarely be troubled by the new statute of repose, a six-year repose period, running from the date of the negligent advice, may cut off many legal malpractice actions before they accrue when the malpractice occurs in a transactional setting.  In a transactional setting, an attorney gives his client advice relevant to some transaction, which may be challenged, if at all, at some indefinite time in the future.  Since the client in a transactional setting is infrequently in control of these outside events which call into question the accuracy of the legal advice he received, and since he generally must await a legal finding in other litigation before he can be reasonably certain he has damages directly attributable to the transactional attorney, a short statute of repose, such as that of section 13-214.3, may cut off many transactional malpractice actions before they accrue.

The effects of the new repose period on transactional malpractice actions may not, however, be as harsh as they first appear.  The Code permits persons in plaintiff's position to seek third-party relief in situations such as this."

Michael here pursued an option similar to that suggested in 
Lucey
, as he attempted to add Bauer as a defendant in his suit against the bank. 

Michael argues that his complaint is timely because he filed it within two years of discovering the injury and he discovered the injury within the repose period.  In 
Davis v. Toshiba Machine Co.
, 186 Ill. 2d 181, 710 N.E.2d 399 (1999), the plaintiff suffered injury during the repose period for products liability, and he brought suit within two years of the injury but after the expiration of the repose period.  Our supreme court held that the plaintiff filed the complaint within the time limits imposed by statute.

The statute of repose for products liability expressly provided that its terms were "[s]ubject to the provisions" of the limitations section and the discovery rule stated therein.  735 ILCS 5/13-213(b) (West 1996).  The limitations section stated: 

"Notwithstanding the provisions of [the statute of repose,] if the injury complained of occurs within [the repose period], the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury."  735 ILCS 5/13-213(d) (West 1996).

The statute of repose at issue here includes no similar provision making it subject to the discovery rule reflected in the limitations section.  See 735 ILCS 5/13-214.3 (West 1996).  The plain language of the statute requires filing of the lawsuit within six years of the acts or omissions that form the basis for the complaint.  Because Michael did not file the complaint within six years of the last date on which defendants performed legal work involved in the alleged negligence, the trial court correctly held that the statute of repose barred the lawsuit.  Accordingly, the judgment in favor of defendants is affirmed.

Affirmed.

COUSINS, P.J., and McBRIDE, J., concur.