No. 3--01--0754

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

KATHLEEN O'BRIEN, ) Appeal from the Circuit Court

Plaintiff-Appellant, ) for the 14th Judicial Circuit,

) Mercer County, Illinois

) 

v. ) No. 2001-L-2

) 

DOUGLAS C. SCOVIL, ) Honorable

Defendant-Appellee. ) James J. Mesich

) Judge, Presiding 

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court: 

_________________________________________________________________

Plaintiff Kathleen O'Brien brought this legal malpractice action against defendant Douglas Scovil alleging that he failed to secure her one-half interest in her ex-husband's pension pursuant to the judgment of dissolution of her marriage.  The trial court held that Kathleen's complaint was barred under the six-year attorney malpractice statute of repose (735 ILCS 5/13-214.3(c) (West 2000)) and granted judgment on the pleadings in favor of attorney Scovil.  We hold that the legal malpractice statute of repose commences with the last act of representation upon which the malpractice is founded even where the malpractice was the omission of a duty that was to be completed at a future date. 

FACTS

Kathleen retained Scovil in February of 1992 to represent her in her pending dissolution of marriage action.  At a hearing in July of 1993, the court allocated Kathleen 50% of her ex-husband's pension but did not enter a specific order.  Instead, when Kathleen's ex-husband received the current pension valuation, his attorney was to provide a copy for the court and forward a copy to Kathleen's attorney.  The judgment of dissolution was entered in April of 1994.  It stated that a supplemental order or a qualified domestic relations order (QDRO) was to be entered to divide the pension.  

Attorney Scovil last appeared as counsel of record for Kathleen in April of 1994.  Scovil asserts that he spoke to Kathleen on one occasion after his April 1994 court appearance to inform her that he would no longer act as her attorney until she made arrangements to pay her outstanding bill.  Scovil ultimately wrote off Kathleen's account on January 31, 1995.  Kathleen claims that Scovil never terminated his representation of her.  When Kathleen's ex-husband died in February of 2000, she discovered that an order dividing the pension had never been entered and that the proceeds had been paid to third parties.  Kathleen filed a legal malpractice claim against Scovil on January 31, 2001. 

ANALYSIS

The sole issue on appeal is whether the trial court erred when it dismissed Kathleen's legal malpractice claim pursuant to section 2-619(5) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619(5)) (West 2000)) because the claim was barred by the statute of repose (735 ILCS 5/13-214.3(c) (West 2000)).  
The standard of review is 
de
 
novo
. 
Weidman v. Wilkie
, 277 Ill. App. 3d 448, 660 N.E.2d 157 (1995).  

Kathleen argues that the statute of repose commenced in February of 2000 when her ex-husband died and she became precluded from receiving any proceeds from his pension.  Kathleen points out that Scovil had an ongoing duty to perform a future act and claims that Scovil never terminated his representation of her.  

Section 2-619(5) of the Civil Code (735 ILCS 5/2-619(5) (West 2000)) authorizes the dismissal of a complaint for failure to file within the repose period.  The attorney malpractice statute of repose designates that an action may not be commenced more than six years after the date on which the negligent act or omission occurred. 735 ILCS 5/13-214.3(c) (West 2000).  

The statute of repose is designed to put a limit on the period of time that one can commence an action. 
Sorenson v. Law Offices of Theodore Poehlmann
, 327 Ill. App. 3d 706, 764 N.E.2d 1227 (2002).  It terminates the right to bring an action when the event giving rise to the action did not happen within a specified time.  
Goodman v. Harbor Market, Ltd.
, 278 Ill. App. 3d 684, 663 N.E.2d 13 (1995).  Because the omissions causing the injury must occur in the context of some affirmative act of representation, 
the period of repose must begin when the acts of representation end, even if continuing omissions may contribute to the injury. 
Fricka v. Bauer
, 309 Ill. App. 3d 82, 722 N.E.2d 718 (1999). 

It is clear that the last act of representation with regard to the omission upon which the malpractice is founded is the critical date that triggers the statute of repose.  The troublesome question in this case is determining when the last act of representation occurred.  The record indicates that Scovil last appeared as counsel of record in April of 1994.  While the parties are in dispute as to the status of their relationship thereafter, it is undisputed that Scovil wrote off Kathleen's account on January 31, 1995.  Though we do not know an exact date, it must be presumed that the attorney-client relationship ended before January 31, 1995.  Thus, since Kathleen did not file her complaint until more than six years after the representation ended, her malpractice complaint is barred by the six-year statute of repose. 

Kathleen contends that Scovil's allegedly neglect omission did not occur until February of 2000 when her ex-husband died and she discovered that she was never made the recipient of his pension.  But the statute of repose is not subject to the discovery rule.  See 
Fricka
, 309 Ill. App. 3d at 88, 722 N.E.2d at 723 (noting the absence of discovery rule language in the statute of repose).  Because the statute of repose was designed to place an outer limit on the time in which claims may be brought, it is immaterial that Kathleen did not discover her injury before it was barred.  See
 
Goodman
, 278 Ill. App. 3d at 691, 663 N.E.2d at 18 (holding that the injury caused by the event need not have occurred or been discovered before the statute of repose bars the action).  While we lament that this holding seems harsh, we must point out that we do not make the laws.  We must interpret them as written. 

For the foregoing reasons, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

HOMER and SLATER, JJ., concur.