SIXTH DIVISION

November 4, 2005

No. 1-05-1366

ARNOLD TROGI, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. 04 L 13097

)

DIABRI AND VICARI, P.C., ) Honorable

) Paddy H. McNamara,

Defendant-Appellee. 
 ) Judge Presiding.

JUSTICE FITZGERALD SMITH delivered the opinion of the court:

In this legal malpractice case, plaintiff Arnold Trogi appeals from the order of the trial court granting defendant Diabri & Vicari, P.C.'s motion to dismiss plaintiff's complaint as barred by the statute of repose.  For the reasons that follow, we reverse the judgment of the trial court.

BACKGROUND

On or about October 12, 1998, plaintiff retained the defendant law firm to represent him in purchasing real property located in Wheeling, Illinois.  The property previously belonged to plaintiff's daughter, Kelly Orban, and was the subject of foreclosure proceedings.  Plaintiff advanced funds to save the property from foreclosure, and defendant prepared a quitclaim deed transferring title from Orban to plaintiff.  After Orban executed the deed, defendant filed the deed with the Lake County recorder of deeds on October 30, 1998, and requested that the recorder mail the original, recorded deed to defendant's law firm.  Thereafter, defendant mailed to plaintiff in Arizona the original, recorded deed as an enclosure to a letter dated December 24, 1998.  Defendant's letter informed plaintiff that the deed was recorded in Lake County and advised plaintiff to keep the deed in a safe deposit box or other safe location.

In January 2003, Orban executed a warranty deed conveying her right, title and interest in the property to third parties, and that deed was recorded in Cook County in March 2003.

On November 24, 2004, plaintiff filed a complaint for legal malpractice against defendant, alleging the law firm negligently recorded the quitclaim deed in Lake County rather than Cook County.  As a result of defendant's failure to properly record the deed in Cook County, plaintiff's interest in the property was not reflected when the title search in connection with the third parties' purchase of the property was performed in Cook County
.  Plaintiff alleged that the sale to the third parties extinguished plaintiff's interest in the property and resulted in a loss of $140,000.

Defendant moved to dismiss, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2002)), asserting that plaintiff's legal malpractice claim was barred by the two-year statute of limitations.  Defendant argued that plaintiff had sufficient information concerning his injury on or near December 24, 1998, the date on which defendant mailed a filed stamped copy of the quitclaim deed to plaintiff.  Defendant argued that plaintiff's November 2004 complaint should have been filed on or before December 24, 2000.

In response to the motion, plaintiff argued that he filed his complaint within two years from the time he knew or reasonably should have known of defendant's negligence.
  Plaintiff asserted that he did not become aware of the erroneous recordation until sometime after Orban issued the deed conveying title in the property to the third parties.  That deed was signed by Orban on January 13, 2003, and recorded in Cook County on March 21, 2003.  Plaintiff contacted defendant regarding that 2003 deed, and defendant, in a March 16, 2004 letter, advised him that he could either sue his daughter for fraud or sue defendant for erroneously recording the deed in Lake County.

In its reply in support of the motion to dismiss, defendant raised for the first time the argument that plaintiff's claim was also barred by the six-year statute of repose.  Defendant argued the period of repose began running on October 30, 1998, the date the quitclaim deed was erroneously recorded in Lake County.  The trial court heard argument and 
dismissed plaintiff's cause of action with prejudice for failure to file within the six-year statute of repose.  Plaintiff timely appealed.

ANALYSIS

We review the trial court's ruling on the section 2-619 motion to dismiss based on the statute of repose 
de
 
novo
.  
O'Brien v. Scovil
, 332 Ill. App. 3d 1088, 1090 (2002).

Section 13-214.3 of the Code sets forth two independent timing requirements for legal malpractice actions: the two-year statute of limitations and the six-year statute of repose.  The statute of limitations is two years "from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought."  735 ILCS 5/13-214.3(b) (West 2002).  At issue here is the statute of repose, which provides that an action for damages based on tort, contract, or otherwise against an attorney arising out of an act or omission in the performance of professional services may not be commenced in any event more than 6 years after the date on which the act or omission occurred.  735 ILCS 5/13-214.3(b), (c) (West 2002).  

Unlike a statute of limitations, which begins running upon the accrual of a cause of action, a statute of repose begins running when a specific event occurs, regardless of whether an action has accrued or whether any injury has resulted.  
Ferguson v. McKenzie
, 202 Ill. 2d 304, 311 (2001).  The purpose of a statute of repose is to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action.  
Ferguson
, 202 Ill. 2d at 311.  
The effect of the expiration of the repose period is that the injured party no longer has a recognized right of action, and the harm that has been done is a wrong for which the law affords no redress.  
Goodman v. Harbor Market, Ltd.
, 278 Ill. App. 3d 684, 691 (1995).

Illinois courts have interpreted section 13-214.3(c) to provide that the repose period begins to run with the "last act of representation upon which the malpractice is founded."  
O'Brien
, 332 Ill. App. 3d at 1089.  Plaintiff and defendant disagree as to when that last act occurred.

Defendant asserts that the statute of repose began to run on October 30, 1998, when defendant erroneously filed the deed in Lake County.  Plaintiff argues that the statute of repose did not begin to run before December 24, 1998, the date on which defendant sent its completed work product to plaintiff and advised him to store the erroneously recorded deed in a safe place.  According to plaintiff, defendant's omissions caused plaintiff's injury in that defendant failed to review the recorded deed and recognize the error when it received the deed back from the Lake County recorder.

In 
Frika v. Bauer
, 309 Ill. App. 3d 82, 86-87 (1999), this court held that the attorney malpractice period of repose begins to run on the last date on which the attorney performs the work involved in the alleged negligence.  If omissions cause the alleged injury, those omissions must occur in the context of some affirmative acts of representation.  
Fricka
, 309 Ill. App. 3d at 87.  "When the acts of representation end, the period of repose must begin, even if the continuing omissions may contribute to injury."  
Fricka
, 309 Ill. App. 3d at 87.

In 
Frika
, the attorney represented a husband and wife.  The wife was the sole beneficiary of a trust that held title to her home subject to a mortgage, but she made her husband a co-owner of the property in exchange for his investment to help refinance the loan and improve the home.  At some point after the bank refinanced the loan, the attorney prepared a deed that returned title to the property back to the trust, of which the wife remained the sole beneficiary.  On February 12, 1992, the bank sent that unsigned deed to the wife for her and the husband to sign, and the deed was signed on March 20, 1992.  Thereafter, the couple divorced, and the husband filed suit, alleging, 
inter
 
alia
, that the wife forged his signature on the deed.  In March 1998, the husband filed a separate action against the attorney, his partners and their law firm for failing the notify him of the deed and its import prior to its March 20, 1992 execution date.  
Fricka
, 309 Ill. App. 3d at
 84-85.

The husband's legal malpractice action was barred by the six-year statute of repose.  This court affirmed the trial court's conclusion that the repose period commenced at the latest on February 12, 1992, because the law firm must have completed its work on the deed before the bank sent the unsigned deed to the wife on February 12, 1992.  
Fricka
, 309 Ill. App. 3d at
 85.  The deed's March 1992 execution date was not dispositive of the repose issue, and the husband did not allege that the law firm did anything more concerning the deed after February 12, 1992.    
Fricka
, 309 Ill. App. 3d at
 85.  This court stated that, "[w]here the work involves tangible documents, the period [of repose] begins when the attorney delivers his or her final work product to the client, regardless of the continuing duty to correct any defect or omission related to the work product."  
Fricka
, 309 Ill. App. 3d at 84.

Here, plaintiff alleged that defendant failed to file the deed in the proper county.  Applying 
Fricka
 to the instant facts, we find that the period of repose began to run from December 24, 1998, the date when defendant last performed the work involved in the alleged negligence and sent the final work product--the improperly recorded deed--to plaintiff.  Although defendant's initial act of malpractice occurred when it erroneously recorded the deed in Lake County in October 1998, defendant's omissions occurred in the context of affirmative acts of representation directly related to that alleged negligence.  Specifically, after the Lake County recorder returned the deed to defendant, defendant failed to review the filing and recognize the error before delivering the completed work product to plaintiff
.  Because plaintiff filed the complaint on November 22, 2004, the complaint was filed within the six-year repose period.

We note that plaintiff's complaint did not allege the facts concerning defendant's specific acts or omissions in December 1998.  Moreover, the record does not indicate that plaintiff filed a motion to amend the complaint to add those additional facts.  Nevertheless, defendant did not raise the repose issue until after plaintiff filed his response to the motion to dismiss, and
 facts concerning defendant's alleged acts or omissions in December 1998 were before the trial court in both defendant's and plaintiff's filings on the motion to dismiss.  See 
Hayes Mechanical, Inc. v. First Industrial, L.P.
, 351 Ill. App. 3d 1, 7 (2004) (trial court's discretion to grant leave to amend a complaint considers whether timely amendment would cure the defective pleading and would not prejudice or surprise the other party). 

Contrary to defendant's assertions, our ruling does not run afoul of this court's rejection of a continuous representation rule in legal malpractice actions.  See 
Sorenson v. Law Offices of Theodore Poehlmann
, 327 Ill. App. 3d 706, 710 (2002) (the continued existence of the attorney-client relationship after the acts or omissions alleged to have caused injury has no affect on the repose period); 
Witt v. Jones & Jones Law Offices, P.C.
, 269 Ill. App. 3d 540, 544 (1995) (rejecting a continuous representation rule).  Here, defendant's last act or omission regarding its alleged failure to properly file the deed coincided with the termination of the attorney-client relationship. 

Furthermore, our ruling does not conflict with the holding in 
Hester v. Diaz
, 346 Ill. App. 3d 550 (2004).  In 
Hester
, the malpractice occurred in a litigation context when the case was dismissed for want of prosecution; the attorney's subsequent failure to appear at a hearing where the court could have considered reinstatement of the case did not extend the running of the repose period.  
Hester
, 346 Ill. App. 3d at 554.  The court reasoned that, because the possibility of reinstatement of the case was speculative, running the repose period from an event like the filing of a motion for reinstatement defeated the purpose of the statute of repose--to terminate the possibility of liability after a defined period of time.  Here, in contrast, the malpractice occurred in a transactional context.  T
he work involved tangible documents
, and the attorney's delivery of that final work product to the client was a final event.  Accordingly, running the repose period from the attorney's delivery of the final work product to the client does not defeat the finality purpose of the statute of repose.

We also reject defendant's argument that plaintiff's claim is barred by the two-year statute of limitations.  The limitations period in a legal malpractice case begins to run from the time the injured party knows or reasonably should know that he has suffered an injury which was wrongfully caused.  
Butler v. Mayer, Brown and Platt
, 301 Ill. App. 3d 919, 922 (1998).  Although that time is normally a question of fact, a court may decide the issue as a matter of law where the facts are undisputed and only one conclusion may be drawn from them.  
Lucey v. Law Offices of Pretzel & Stouffer, Chartered
, 301 Ill. App. 3d 349, 359 (1998).  Given the attorney's duty to act skillfully and diligently on the client's behalf, the client is presumed unable to discern any misapplication of legal expertise.  
Goodman
, 278 Ill. App. 3d at 690.  Here, plaintiff alleged he did not become aware of the erroneous recordation until after his daughter conveyed the property to third parties in early 2003. 

Defendant argues that plaintiff should have known of his injury when he received the improperly recorded deed in the mail in December 1998.  However, even if plaintiff noticed where the deed was recorded, that fact does not lead to the conclusion that a lay person who hired an attorney to represent him in a real estate transaction knew or understood the recording requirements or implications.  It is clearly a question of fact when plaintiff knew or should have known of this potential injury.

Accordingly, we reverse the judgment of the circuit court and the cause is remanded.

Reversed; cause remanded.

McNULTY, P.J., and O'MALLEY, J., concur.