857 N.E.2d 696 (2006)
David V. CARLEN, Plaintiff-Appellant,
v.
FIRST STATE BANK OF BEECHER CITY, James Richard Myers, and LeFevre, Zeman, Oldfield & Schwarm Law Group, Ltd., n/k/a LeFevre, Oldfield & Myers Law Group, Ltd., Defendants-Appellees.
No. 5-05-0331.
Appellate Court of Illinois, Fifth District.
Rule 23 Order Filed July 13, 2006.
Motion to Publish Granted August 25, 2006.
Opinion Filed August 25, 2006.
*697 David V. Carlen, Altamont, for Appellant Pro se.
Martin W. Siemer, Siemer, Austin, Resch, Fuhr & Totten, Effingham, for First State Bank of Beecher City.
Michael J. Nester, Donovan, Rose, Nester & Joley, P.C., Belleville; David A. Bailie, Thomas, Mamer & Haughey, LLP, Champaign, for James Richard Myers and LeFevre, Oldfield & Myers Law Group, Ltd.
*698 Justice McGLYNN delivered the opinion of the court:

I. Background
On January 3, 1995, First State Bank of Beecher City (First State Bank) filed a claim in the probate proceedings of the estate of Walter L. Carlen, case No. 94-P-61 in the Fourth Judicial Circuit, Effingham County. The claim asserted that First State Bank was entitled to recover the balance of unpaid loans, plus interest, owed by the estate of Walter L. Carlen, deceased. In the above-referenced matter, the estate of Walter L. Carlen was represented by James Richard Myers (Myers) and the law firm of LeFevre, Zeman, Oldfield & Schwarm Law Group, Ltd. (Law Group). The plaintiff herein, David V. Carlen (Carlen), was the coexecutor and a beneficiary of the estate of Walter L. Carlen.
A hearing on First State Bank's claim was held on October 8, 1997. The circuit court, Fourth Judicial Circuit, Effingham County, in case No. 94-P-61, entered an order approving First State Bank's claim on January 9, 1998. A copy of this order was sent to Carlen via certified mail, return receipt requested, on January 15, 1998, by Myers, who advised therein that the right to appeal, if not acted upon, would expire within 30 days of the entry of said order. The return receipt was signed by Carlen on January 20, 1998. A subsequent order was entered by the circuit court on January 27, 1998, which clarified the amount owed by the estate to First State Bank. On March 12, 1999, First State Bank filed a petition to recover assets and discover information pursuant to section 16-1(a) of the Probate Act of 1975 (755 ILCS 5/16-1(a) (West 1998)). In June 1999, the trial court ruled that First State Bank had made a prima facie showing under the statute. On January 14, 2000, First State Bank filed a motion seeking a judicial lien against the real estate in the Walter L. Carlen Revocable Trust. This motion was granted on February 17, 2000.
On February 7, 2000, Carlen, as trustee of the Walter L. Carlen Revocable Trust, executed quitclaim deeds transferring several pieces of real property to the beneficiaries of the trust. On March 14, 2000, First State Bank filed an action against Carlen and various other trust beneficiaries alleging that the February 7 property transfers violated the Uniform Fraudulent Transfer Act (740 ILCS 160/1 et seq. (West 2000)). Proceedings in that cause led to our decision in First State Bank of Beecher City v. Carlen, No. 5-02-0500 (2003) (unpublished order under Supreme Court Rule 23 (166 Ill.2d R. 23)) on November 6, 2003, in which we affirmed the trial court's order granting a summary judgment in favor of First State Bank.

II. Complaint
On March 12, 2004, Carlen filed, pro se, a three-count complaint against First State Bank, Myers, and Law Group in the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois. Counts I and II pleaded a breach of fiduciary duty against Myers and Law Group. Count III pleaded unjust enrichment, via collusion, against First State Bank, Myers, and Law Group. All the allegations concerning Myers related to him in his capacity as an attorney for the estate of Walter L. Carlen, of which the plaintiff herein was a beneficiary and coexecutor.
On June 21, 2004, Judge Eder construed the complaint to allege legal malpractice in counts I and II and concluded that those counts were barred by the statute of repose (735 ILCS 5/13-214.3(c) (West 2004)). The judge noted that more than six years had elapsed between his January 27, 1998, order and Carlen's March 12, 2004, complaint. Judge Eder also dismissed count III as barred by the statutes of limitation *699 for civil actions. Judge Eder addressed count III as follows:
"[B]ecause the alleged agreement pertains to the defense of Defendant Bank's claim against the Estate in [No.] 94-P-61, the alleged agreement would have had to have occurred on or before January 27, 1998, the date the final Judgment was entered regarding said claim[ ] or[,] at the very latest, 30 days later, on February 26, 1998, when the time to file a motion to reconsider or a notice of appeal expired. Consequently, the 5-year statute of limitations would have expired by February 26, 2003, more than a year prior to the filing of the Complaint herein. No allegations have been made by Plaintiff Carlen in his complaint, nor [sic] in his written or oral response to the motion to dismiss, which would extend the 5-year statute of limitations period, either by the statutory discovery rule of [section 13-215 of the Code of Civil Procedure (735 ILCS 5/13-215 (West 2002))] or by the common law discovery rule. Therefore, unless Plaintiff Carlen can and does make such allegations, Count III would be barred by the statute of limitations set forth in [section 13-205 of the Code of Civil Procedure (735 ILCS 5/13-205 (West 2002))]."
The trial court granted Carlen 28 days to file an amended complaint. Specifically, the court stated as follows:
"Inasmuch as Plaintiff Carlen is pro se and may not fully understand pleading requirements and the application off [sic] statutes of limitations and repose, it is fair and reasonable to give him an opportunity to amend his Complaint to bring it within the statutory time limitations, if he can do so in good faith."

III. Amended Complaint
Carlen's amended complaint was filed on or about December 29, 2004. In his amended complaint, Carlen essentially complained that Myers, in handling the probate proceedings on behalf of the executors of the estate, did not put on an adequate defense to the claims of First State Bank. The plaintiff further alleged that First State Bank and Myers "had to have reached an agreement * * * to allow judgement to be entered." Carlen sought $100,000 in compensatory damages and $100 million in exemplary damages. Count I of the amended complaint pleaded a breach of the duty of care with respect to Myers. Count II pleaded a breach of the duty of care against Myers and Law Group. Count III pleaded constructive fraud against Myers. Count IV pleaded constructive fraud with respect to Myers and Law Group. Count V pleaded collusion to defraud against First State Bank, Myers, and Law Group. Carlen conceded that the material allegations of the amended complaint were essentially identical to the allegations of the original complaint, by admitting that "basically there is no difference in them." The only new allegation contained in the amended complaint was the allegation that Carlen first discovered he was damaged on April 17, 2002, when a court order was issued in case No. 00-CH-6, Fourth Judicial Circuit, Effingham County, Illinois, with respect to real estate in which Carlen held a beneficial interest. The court order was entered on behalf of First State Bank to satisfy the bank's claims in the estate of Walter L. Carlen, deceased.
On January 7, 2005, Myers and Law Group filed their motion to dismiss and memorandum of law in support, which contended that all the counts of Carlen's amended complaint were subject to the statute of repose set forth in section 13-214.3(c) of the Code of Civil Procedure (Code) (735 ILCS 5/13-214.3(c) (West 2004)). First State Bank filed its motion attacking the amended complaint on January 25, 2005. First State Bank argued *700 that the amended complaint should be dismissed pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2004)) because the alleged cause of action asserted by Carlen had not been filed within five years and was thus barred by the statute of limitations provided for in section 13-205 of the Code (735 ILCS 5/13-205 (West 2004)). On May 5, 2005, Judge Todd entered an order dismissing Carlen's amended complaint with prejudice. The basis of Judge Todd's order was that Carlen's amended complaint, in its entirety, was predicated on acts or omissions of an attorney in the performance of professional services, which were subject to the statute of repose and thus time-barred. Judge Todd acknowledged that Carlen's amended complaint attempted to plead the discovery rule, but he determined the discovery rule to be inapplicable to the statute of repose. Judge Todd also rejected Carlen's assertion that the statute of repose was tolled because of the concealment of an alleged agreement involving Myers, Law Group, and First State Bank to permit a judgment to be entered in the estate proceedings. Judge Todd determined that there was no concealment pleaded and that any agreement between the defendants had to have occurred more than six years prior to the filing of the original complaint because a judgment had been entered in the estate proceedings on January 27, 1998. Carlen filed his notice of appeal from Judge Todd's order on June 1, 2005.

IV. Analysis
An appeal from a dismissal pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (west 2004)) is the same in nature as one following a grant of a summary judgment: each matter is given de novo review. Guzman v. C.R. Epperson Construction, Inc., 196 Ill.2d 391, 397, 256 Ill.Dec. 827, 752 N.E.2d 1069, 1073 (2001). In those cases, the reviewing court must determine whether the existence of a material fact should have precluded the dismissal or, absent such an issue of fact, whether the dismissal is proper as a matter of law. Guzman, 196 Ill.2d at 397, 256 Ill.Dec. 827, 752 N.E.2d at 1074. Whether a cause of action was brought within the limitations period is generally a question of fact, but the issue can be resolved as a matter of law when the answer is clear from the pleadings. Clay v. Kuhl, 189 Ill.2d 603, 609-10, 244 Ill.Dec. 918, 727 N.E.2d 217, 221 (2000).

A. Counts I, II, III, and IV
In counts I through IV of his amended complaint, Carlen alleged a breach of the duty of care, constructive fraud, and collusion to defraud against Myers and Law Group arising from the defense of the estate of Walter L. Carlen in the probate matter filed by First State Bank. Myers and Law Group maintain that Judge Eder and Judge Todd were correct in finding that the counts against them sound in legal malpractice and are thus barred by the statute of repose. Carlen maintains that the allegations of the amended complaint are for a breach of duty, constructive fraud, and collusion to defraud rather than legal malpractice. We agree with the defendants and find the claims barred.
The statute of repose set forth in section 13-214.3(b) of the Code of Civil Procedure is applicable to "[a]n action for damages based on tort, contract, or otherwise * * * against an attorney arising out of an act or omission in the performance of professional services." 735 ILCS 5/13-214.3(b) (West 2004). The malpractice period of repose begins to run on the last date on which the attorney performs the work involved in the alleged negligence. Fricka v. Bauer, 309 Ill.App.3d 82, 86-87, 242 Ill.Dec. 934, 722 N.E.2d 718, 722 (1999). The statute of repose is intended to terminate the possibility of liability after *701 a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action. Goodman v. Harbor Market, Ltd., 278 Ill.App.3d 684, 690, 215 Ill.Dec. 263, 663 N.E.2d 13, 18 (1995). The plain language of the statute requires a filing of the lawsuit within six years of the acts or omissions that form the basis for the complaint. 735 ILCS 5/13-214.3(c) (West 1996).
The basis of Carlen's complaint is the failure of Myers and Law Group to properly defend the interests of his father's estate at a hearing on October 8, 1997, after which a judgment was entered on January 9, 1998. On January 15, 1998, Myers and Law Group forwarded a copy of the court order entered on January 9, 1998, to Carlen. A return receipt was signed by Carlen on January 20, 1998. Subsequently, on January 27, 1998, an order was entered clarifying the amount owed by the estate of Walter L. Carlen to First State Bank. Carlen failed to file his lawsuit within the six-year statute-of-repose period.
Carlen's original complaint had been found time-barred. The only new allegation in his amended complaint was that he did not discover his injury until April 17, 2002, when a court order was issued in cause No. 00-CH-6, against real estate in which Carlen held a beneficial interest, in favor of First State Bank to satisfy the bank's claim in the estate of Walter L. Carlen, deceased. This argument is without merit because the discovery rule does not overcome the statute of repose. O'Brien v. Scovil, 332 Ill.App.3d 1088, 266 Ill.Dec. 360, 774 N.E.2d 466 (2002); Hester v. Diaz, 346 Ill.App.3d 550, 553, 281 Ill. Dec. 887, 805 N.E.2d 255, 259 (2004); Fricka, 309 Ill.App.3d at 88, 242 Ill.Dec. 934, 722 N.E.2d at 723. Because Carlen did not file the complaint within six years of the last date on which the defendants performed legal work involved in the alleged negligence, the trial court correctly held that the statute of repose barred the lawsuit against Myers and Law Group.

B. Count V
Count V of Carlen's amended complaint alleged that Myers and Law Group entered into an agreement to allow a judgment to be entered against the estate of Walter L. Carlen on January 27, 1998, and that this agreement amounted to "collusion to defraud." The trial court dismissed this claim under section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2004)) as not having been brought within the time permitted by law. The trial court agreed with First State Bank in relying on section 13-205 of the Code (735 ILCS 5/13-205 (West 2004)), which provides for a general five-year statute of limitations for all civil actions not otherwise provided for by statute. Any agreement between the defendants to allow a judgment to be entered must have occurred before the January 27, 1998, order was issued. The complaint was filed by Carlen more than five years later and is barred by the statute of limitations.
If Carlen is alleging the concealment of a cause of action under section 13-215 of the Code (735 ILCS 5/13-215 (West 2004)), that position must also fail. General averments of fraud are inadequate, and those allegations must state specifically the facts in support of the fraud. Nogle v. Nogle, 53 Ill.App.2d 457, 466, 202 N.E.2d 683, 688 (1964). Facts must be affirmatively alleged, and mere conclusions will not suffice. Nogle, 53 Ill.App.2d at 466, 202 N.E.2d at 688. The limitations period will only be tolled if the plaintiff pleads and proves that fraud prevented the discovery of the cause of action. Clay, 189 Ill.2d at 613, 244 Ill.Dec. 918, 727 N.E.2d at 223.

*702 V. Conclusion
The plaintiff's assertions that the time periods should be tolled due to some fraud are unconvincing. There was ample time to bring a claim because the plaintiff should have known the potential consequences of the January 27, 1998, order when it was issued, and should have known of his potential injuries, upon the filing of the petition to recover assets and discover information on March 12, 1999. The plaintiff's assertion that there had to have been some fraudulent agreement between the defendants is also unconvincing. The plaintiff offers no facts to support this claim. First State Bank might have succeeded on its claim because it was in fact valid. The plaintiff offers no reason to toll the statute of repose or the statute of limitations; accordingly, the judgment in favor of the defendants is affirmed.
Affirmed.
WELCH and DONOVAN, JJ., concur.