THIRD DIVISION
MARCH 31, 2008

1-06-2312

| | | |
|---|---|---|
| ROBERT GOLDSTEIN and | ) | Appeal from the |
| DEBORAH J. GOLDSTEIN, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiffs and Counterdefendants-Appellees, | ) | |
| | ) | |
| v. | ) | No. 03 CH 20274 |
| | ) | |
| DABS ASSET MANAGER, INC., an Illinois | ) | |
| Corporation, ALLEN R. HOCHFELDER and | ) | |
| STEPHANIE HOCHFELDER, | ) | Honorable |
| | ) | Judge David R. Donnersberger, |
| Defendants and Counterplaintiffs-Appellants. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The plaintiffs Robert and Deborah Goldstein filed a lawsuit for preliminary injunction in the circuit court of Cook County against Allen and Stephanie Hochfelder and DABS Asset Manager, Inc. (DABS), to enjoin them from filing a lawsuit against Super Wash, Inc., and its owner, Robert Black. The Hochfelders filed a counterclaim against the Goldsteins, arguing that they breached their fiduciary duties to DABS and that Robert Goldstein committed legal malpractice as the attorney for DABS. The Hochfelders argue that the trial court erred by granting the Goldsteins' motion for summary judgment on count I of the counterclaims brought by the Hochfelders and additionally by dismissing count IV of the counterclaim. In count I, the Hochfelders sought to recover their legal fees expended in defending against the Goldsteins' lawsuit for injunction. In count IV, they assert that Robert Goldstein committed legal malpractice. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

The plaintiffs, Robert and Deborah Goldstein and the defendants, Allen and Stephanie Hochfelder are all shareholders in the defendant corporation, DABS Asset Manager, Inc. (DABS). All parties allege that they are directors and shareholders of DABS. However, the record does not specify the positions held by each individual. Under the shareholder agreement, the Hochfelders owned 740 shares of the company and the Goldsteins owned 240 shares. Pursuant to the shareholder agreement, all actions and decisions regarding the company were to be made jointly and authorized exclusively by Robert Goldstein and Allen Hochfelder.

DABS was also a general partner in a company known as Limavern Washes, L.P. (Limavern), a limited partnership. Scott Hochfelder, Allen and Stephanie Hochfelder's son, was a limited partner of Limavern. In 1995, Limavern purchased a carwash in Lima, Ohio, from Super Wash, Inc. Limavern hired Super Wash to manage and operate the carwash under the "Super Wash" trade name. In the summer of 2002, Super Wash informed Limavern that it could no longer use the "Super Wash" name unless it entered into a franchise agreement. Limavern subsequently entered into a franchise agreement and a new management agreement with Super Wash.

In November 2003, Allen and Stephanie Hochfelder announced their intent to have DABS file a lawsuit against Super Wash and its owner, Robert Black. The Goldsteins opposed the lawsuit and filed a lawsuit seeking a preliminary injunction against Allen and Stephanie Hochfelder and DABS to enjoin them from filing a lawsuit against Super Wash and Robert Black. The Hochfelders filed a counterclaim against the Goldsteins alleging that the Goldsteins breached their fiduciary duty to DABS by filing the preliminary injunction action and that Robert Goldstein engaged in legal

malpractice by drafting the original DABS shareholder agreement to give himself a disproportionate share of control. The Hochfelders sought damages including their attorney fees for defending themselves in the preliminary injunction lawsuit filed by the Goldsteins.

In August 2004, the court denied the Goldsteins' motion for preliminary injunction. However, the Hochfelders did not commence a lawsuit against Super Wash. In the interim, Scott Hochfelder, Stephanie and Allen's son and a limited partner of Limavern, filed a derivative lawsuit on behalf of Limavern against Super Wash and Robert Black. All parties involved, including the Goldsteins and the Hochfelders, who were not individual parties to Scott's derivative lawsuit, entered into two confidential agreements which had the effect of settling the derivative lawsuit. After the settlement and the circuit court's dismissal of the Goldsteins' lawsuit for injunction, the Hochfelders continued to pursue counts I and IV in their counterclaim against the Goldsteins. In count I, the Hochfelders alleged that Robert Goldstein breached his fiduciary duties by filing an action to enjoin them from filing a lawsuit against Super Wash and Robert Black. The Hochfelders sought to recover the legal fees they incurred in defending themselves against the Goldsteins' injunctive action. In count IV, the Hochfelders alleged that Robert Goldstein committed legal malpractice as the attorney for DABS by drafting the shareholder agreement in 1995 in a manner that gave him a disproportionate share of control in the governance of DABS.

The Goldsteins filed a motion for summary judgment for count I of the Hochfelders' counterclaim pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2004)), arguing that the Hochfelders could not recover attorney fees because Illinois common law does not allow for the recovery of this type of fee. They also filed a motion to dismiss count IV

pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)), arguing that the statute of repose barred the Hochfelders' claim for legal malpractice because Robert Goldstein drafted the shareholder agreement in 1995 and the Hochfelders did not file their counterclaim until 2004.

The trial court granted the motion for summary judgment and dismissed count IV of the counterclaim with prejudice. The court held that the Hochfelders could not recover damages for defending themselves against the lawsuit in the counterclaim. The court also dismissed count IV of the counterclaim and held that the claim was barred by the six-year statute of repose contained within section 13-214.3 of the Code of Civil Procedure (735 ILCS 5/13-214.3 (West 2004)).

## ANALYSIS

On appeal, the Hochfelders argue that the trial court erroneously granted summary judgment for count I and erroneously dismissed count IV of their complaint. They argue that their claim for attorney fees under count I is not prohibited by the American rule and, further, their legal malpractice claim is not barred by the statute of repose. Their argument is that the Goldsteins breached their fiduciary duty by filing the preliminary injunction action to prevent the filing of a lawsuit against Super Wash and Robert Black. They contend that the breach caused them to incur attorney fees and it is those fees which constitute the damages. The Hochfelders further contend that these damages are permitted under Illinois law because they are sought in a separate counterclaim and are not a request for damages in the preliminary injunction action. As to count IV, the Hochfelders argue that the statute of repose does not bar their action against Robert Goldstein for legal malpractice because the malpractice action is based on his filing the preliminary injunction action in 2003, and not the

drafting of the shareholder agreement in 1995.

"[Summary] judgment shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (2007). The appellate court reviews an order granting summary judgment *de novo*. Morris v. Margulis, 197 Ill. 2d 28, 35, 754 N.E.2d 314, 318 (2001).

Generally in Illinois under the American rule, a successful litigant may not recover litigation expenses in the absence of a statute or a contractual agreement between the parties permitting recovery of such fees. Duignan v. Lincoln Towers Insurance Agency, Inc., 282 Ill. App. 3d 262, 267, 667 N.E.2d 608, 613 (1996); Krantz v. Chessick, 282 Ill. App. 3d 322, 329, 668 N.E.2d 77, 81 (1996). However, a plaintiff may be able to recover attorney fees, "at least to the extent that they were not incurred in the same action in which they are awarded, where the defendant's tortious conduct proximately caused the plaintiff to incur them." Calcagno v. PersonalCare Health Management, Inc., 207 Ill. App. 3d 493, 565 N.E.2d 1330 (1991).

In this case, the Goldsteins filed a lawsuit for a preliminary injunction against DABS and the Hochfelders to prevent the filing of an action against Super Wash and Robert Black. The Hochfelders then filed a counterclaim against the Goldsteins alleging that filing the lawsuit for injunction was a breach of the Goldsteins fiduciary duty to DABS. However, while the lawsuit for injunction brought by the Goldsteins and the counterclaim filed by the Hochfelders are separate actions, the Hochfelders may not pursue their counterclaim for attorney fees against the Goldsteins. As the court explains in Sorenson v. Fio Rito, 90 Ill. App. 3d 368, 372, 413 N.E.2d 47, 51 (1980), "the policy against

awarding [attorney] fees was intended to apply only where a successful litigant seeks to recover his costs in maintaining the lawsuit." The Hochfelders argue that the Goldsteins' tortious conduct (the breach of fiduciary duty) was the filing of the lawsuit. They posit that since that conduct gave rise to a separate action (their counterclaim), attorney fees are recoverable. Thus, they argue that their attorney fees are appropriate damages in the lawsuit. We disagree with this reasoning.

It is irrelevant whether the Hochfelders requested their attorney fees in a separate tort action. The American rule prohibits recovery of the fees under these facts and circumstances. In <u>Ritter v. Ritter</u>, 381 Ill. 549, 555, 46 N.E.2d 41, 44 (1943), the court reasoned that "[i]f the wrongful conduct of a defendant causing the plaintiff to sue him would give rise to an independent tort and a separate cause of action, there would be no end to the litigation, for immediately upon the entry of judgment the plaintiff would start another action against the defendant for his attorney fees and expenses incurred in obtaining the preceding judgment."

Further, the instant case is distinguishable from cases where a party recovers attorney fees that were not expended in maintaining the litigation. For example in <u>Sorenson</u>, 90 Ill. App. 3d. at 372, 413 N.E.2d at 51, the plaintiff was allowed to recover attorney fees expended in attempting to recover "refunds of tax penalties which were assessed against her solely as a result of the defendant's negligence." The court explained that the plaintiff was entitled to the fees because they were separate from the fees accrued in the execution of the lawsuit. <u>Sorenson</u>, 90 Ill. App. 3d. at 371-72, 413 N.E.2d at 51. Here, the Hochfelders incurred attorney fees defending themselves in the preliminary injunction lawsuit. All of the litigation for which they are seeking attorney fees arose from that lawsuit. Thus, the fees they seek cannot be recovered in a separate action. The trial court correctly

granted the motion for summary judgment.

Next, the Hochfelders argue that the trial court erroneously held that the statute of repose barred their claim because it was not filed within the requisite six years after the alleged malpractice occurred. In their counterclaim, the Hochfelders pled that Robert Goldstein was the attorney for DABS when he drafted the shareholder agreement that gave him a disproportionate share of control in the governance of DABS. They contend that Robert Goldstein breached his duty of loyalty and care and used his disproportionate share of control of DABS to file the preliminary injunction action against them.

"Section 2-619(5) of the [Code of Civil Procedure] authorizes the dismissal of a complaint for failure to file within the repose period. 735 ILCS 5/2-619(5) (West 2000)." O'Brien v. Scovil, 332 Ill. App. 3d 1088, 1090, 774 N.E.2d 466, 467 (2002). "[A] statute of repose extinguishes the action itself after a fixed period of time, regardless of when the action accrued." DeLuna v. Burciaga, 223 Ill. 2d 49, 61, 857 N.E.2d 229, 237 (2006). "The attorney malpractice statute of repose designates that an action may not be commenced more than six years after the date on which the negligent act or omission occurred. 735 ILCS 5/13-214.3(c) (West 2000)." O'Brien, 332 Ill. App. 3d at 1090, 774 N.E.2d at 467. The period of repose "begins to run on the last date on which the attorney performs the work involved in the alleged negligence." Fricka v. Bauer, 309 Ill. App. 3d 82, 86-87, 772 N.E.2d 718-22 (1999).

In a transactional setting, the statute of repose may cut off a malpractice action before it accrues. Lucey v. Law Offices of Pretzel & Stouffer, Chartered, 301 Ill. App. 3d 349, 362, 703 N.E.2d 473, 482 (1998). The client is "infrequently in control of [the] outside events which call into

7

question the accuracy of the legal advice he received." Lucey, 301 Ill. App. 3d at 362, 703 N.E.2d at 482. However, the statute of repose will still prevent the commencement of a legal malpractice action more than six years after the date on which the negligent act occurred. Lucey, 301 Ill. App. 3d at 362, 703 N.E.2d at 482, 735 ILCS 5/13-214.3(c) (West 2000).

In this case, the Hochfelders claim that Robert Goldstein committed legal malpractice by drafting the shareholder agreement to allocate himself a disproportionate share of control. The shareholder agreement was drafted in 1995 and the Hochfelders filed their counterclaim in January 2004. The statute of repose extinguished any action for legal malpractice arising out of the 1995 action in 2001. The Hochfelders argue that the filing of the lawsuit by Goldstein in 2003 coupled with his exercise of disproportionate control of DABS was a continuation of his breach of duty and loyalty. We do not agree. This act is insufficient to constitute a separate act that would delay triggering the statute of repose until 2003. Their argument and counterclaim regarding Robert Goldstein positioning himself to facilitate the alleged breach is premised upon the drafting of the agreement in 1995. The court explained in Fricka v. Bauer, 309 Ill. App. 3d 82, 86-87, 722 N.E.2d 718, 722 (1999), that "the attorney malpractice period of repose *** begins to run on the last date on which the attorney performs the work involved in the alleged negligence." The last act Robert Goldstein performed as the attorney for DABS, in relation to this claim, was the drafting of the shareholder agreement. Nothing in the record suggests that Robert Goldstein was acting in his capacity as attorney for DABS when he and Stephanie Goldstein initiated the preliminary injunction proceeding. But rather, as Goldstein asserts, he was acting as a shareholder of DABS. Therefore, the last affirmative act in which he engaged in his capacity as attorney for DABS was the drafting

8

of the shareholder agreement in 1995. Thus, the statute of repose expired for that act in 2001. The trial court correctly dismissed this count of the Hochfelders' counterclaim.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

QUINN, P.J., and GREIMAN, J., concur.